IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE
AT KNOXVILLE
Assigned on Briefs October 31, 2001

## STATE OF TENNESSEE v. CLIFFORD DOUGLAS PEELE

**Direct Appeal from the Criminal Court for Carter County**
**No. 8027     Arden L. Hill, Judge (on plea) & R. Jerry Beck, Judge (on motion)**

---

**No. E2001-02825-CCA-RM-CD**
**January 16, 2002**

---

The defendant appeals the trial court's denial of his motion to withdraw his guilty plea on the ground that he received ineffective assistance of counsel during the plea proceedings. Initially, we dismissed his appeal. The supreme court granted the defendant's application to appeal and reversed the dismissal, remanding the matter to this Court for a determination of the merits of the appeal. After a thorough review of the record and applicable law, we affirm the judgment of the trial court.

**Tenn. R. App. P. 3 Appeal as of Right; Judgment of the Criminal Court Affirmed.**

THOMAS T. WOODALL, J., delivered the opinion of the court, in which JOSEPH M. TIPTON, and ALAN E. GLENN, JJ., joined.

Kenneth F. Irvine, Jr., Knoxville, Tennessee (on appeal); Bob McD. Green, Johnson City, Tennessee (on plea at trial); and H. R. Fallin, Mountain City, Tennessee (on motion at trial) for the appellant Clifford Douglas Peele.

Paul G. Summers, Attorney General and Reporter; Elizabeth B. Marney, Assistant Attorney General; Joe C. Crumley, Jr., District Attorney General; David Crockett, Assistant District Attorney General; and Michael LaGuardia, Assistant District Attorney General, for the appellee, State of Tennessee.

**OPINION**

**Background**

Defendant pled guilty to first degree murder, second degree burglary, and grand larceny on December 6, 1982. Defendant's sentences for the burglary and larceny convictions were imposed that same day. Sentencing for the first degree murder offense was postponed by agreement. On February 22, 1990 (prior to being sentenced on the murder charge), Defendant filed a motion to withdraw his guilty plea on the following grounds: (1) at the time he entered his guilty plea, Defendant did not fully understand or appreciate the consequences of the court proceedings due to the conditions under which he was incarcerated and the treatment he received at the hands of the

Carter County Sheriff; (2) Defendant did not knowingly agree to, or anticipate, that his sentencing for first degree murder would be delayed for over seven years; and (3), Defendant was innocent of first degree murder and, therefore, desired a trial by jury to determine his guilt. On April 30, 1990, the trial court denied Defendant's motion to withdraw his guilty plea and sentenced him to life imprisonment for the first degree murder offense. The judgment was entered on May 22, 1990, and Defendant did not appeal the trial court's denial of his motion to withdraw the plea of guilty.

On June 21, 1990, Defendant filed a second motion to withdraw his guilty plea which alleged ineffective assistance of counsel. Following a hearing on April 29, 1999, the trial court denied Defendant's second motion to withdraw his guilty plea. Defendant has appealed from this ruling by the trial court.

This is the second time the appeal in Defendant's case has come before this panel. Initially, we held that the trial court was not vested with the authority to permit a withdrawal of a guilty plea after a judgment became final and, since the judgment in Defendant's case had become final on the day he filed his motion, the trial court did not have jurisdiction to rule on his motion after that date. Accordingly, we found the trial court's order denying Defendant's motion to withdraw his guilty plea a "nullity" and dismissed the appeal. State v. Clifford Douglas Peele, No. E1999-00907-CCA-RC-CD, 2000 WL 782054, Carter County (Tenn. Crim. App., Knoxville, June 20, 2000).

Our supreme court subsequently granted Defendant's application for permission to appeal and determined that the trial court had correctly exercised its jurisdiction, under Tenn. R. Crim. P. 32(f), to hear the motion to set aside Defendant's guilty plea. In addition, the court held that the timely filing of a motion to withdraw a guilty plea stayed the judgment of the trial court until the motion was decided. Accordingly, the supreme court reversed our court's decision and remanded Defendant's case for a determination of the merits of his appeal, see State v. Peele, 58 S.W.3d 701, 706 (Tenn. 2001), which is now before this Court.

## ANALYSIS

Although Rule 32(f) of Tennessee's Rules of Criminal Procedure provides that a defendant may attempt to withdraw a guilty plea at two independent points in time, and Defendant filed both types of motions, this appeal concerns only Defendant's second motion, which was filed *after* he was finally sentenced by the trial court. See id. at 704 n.3. (For the supreme court's explanation of the lengthy delay in resolving this matter in the trial court, see id. at 703 nn.1-2.) Specifically, Rule 32(f) of Tennessee's Rules of Criminal Procedure provides as follows:

> A motion to withdraw a plea of guilty may be made upon a showing by the defendant of any fair and just reason *only before* sentence is imposed; *but to correct manifest injustice*, the court after sentence, but before the judgment becomes final, may set aside the judgment of conviction and permit the defendant to withdraw the plea.

2

(Emphasis added). Clearly, since Defendant's motion was not filed until *after* his sentence was imposed, it can be meritorious only if a need to "correct manifest injustice" is demonstrated. Tenn. R. Crim. P. 32(f).

In State v. Turner, 919 S.W.2d 346 (Tenn. Crim. App. 1995), this Court recognized that the term "manifest injustice" had not previously been defined by the rule or the cases that had applied the rule. Instead, "[w]hether there has been 'manifest injustice' must be determined by the trial courts and the appellate courts on a case by case basis." Id. at 355. For example, "manifest injustice" has been determined to exist when it is established that the plea was entered as the result of (1) "coercion, fraud, duress or mistake," (2) "fear," (3) a "gross misrepresentation made by the district attorney general, or an assistant," (4) the withholding of material or exculpatory evidence by the State, or (5) where the plea of guilty was "not voluntarily, understandingly, or knowingly entered." Id. (citations omitted).

Furthermore, the accused has the burden of establishing that the plea of guilty should be withdrawn to prevent "manifest injustice." Id. "In determining whether the accused has carried this burden, *the trial court must determine whether the accused and any witnesses presented to establish this standard are credible.*" Id. (emphasis added). The trial court's decision not to allow a defendant's guilty plea to be withdrawn will be upheld on appeal absent an abuse of discretion. Henning v. State, 201 S.W.2d 669, 670 (1947); State v. Davis, 823 S.W.2d 217, 220 (Tenn. Crim. App. 1991). However, the trial court's discretion is "strictly curtailed" when a constitutional violation is shown. Davis, 823 S.W.2d at 220.

Defendant's second Rule 32(f) motion to withdraw his guilty plea, the sole subject of this appeal, alleged one ground for relief, i.e., that he received ineffective assistance of counsel at the time of and following his guilty plea, in violation of his constitutional rights under the Sixth and Fourteenth Amendments to the United States Constitution. In drafting the motion, Defendant obtained assistance of counsel (other than the attorney who represented him at the time of his guilty plea), and made the following factual allegations in support of his claim that previous counsel had rendered ineffective assistance: (1) counsel did not properly investigate the charges and allegations against Defendant; (2) counsel failed to instruct the Carter County Sheriff and the District Attorney not to question Defendant out of the presence of counsel; (3) counsel failed to properly advise Defendant as to the consequences of a plea of guilty; (4) counsel was aware of the mistreatment of Defendant by the Carter County Sheriff's Department but took no action to remedy the situation; (5) counsel failed to properly and adequately confer with Defendant regarding the progress of his case and met with Defendant on only one occasion after the entry of his guilty plea; (6) counsel failed to insist on the setting of a date for Defendant's sentencing; and (7) counsel incorrectly advised Defendant that he could withdraw the plea of guilty at any time and go to trial on the merits.

The argument in Defendant's brief for this appeal, however, fails to support his claim alleging ineffective assistance of counsel. Rather, Defendant contends that the trial court erred in failing to set aside his guilty plea and presents the following three grounds in support of this contention: (1) the guilty plea was not voluntarily, understandingly, or knowingly entered; (2) the

plea of guilty was based upon a gross misrepresentation by the District Attorney General that he would be sentenced by October 1983, when in fact, he was not sentenced until 1990; and (3) Defendant's guilty plea was the result of coercion and fear because he was "mistreated, threatened, and coerced by members of the Carter County Sheriff's Department." The sole reference to his claim of ineffective assistance of counsel is contained in a short footnote at the conclusion of his arguments which merely states the following: "[Defendant] also continues to strenuously maintain that his original counsel was ineffective in representing him prior to, during, and after the guilty plea hearing on December 6, 1982."

With regard to the first issue in Defendant's appeal, that his guilty plea was not voluntarily, understandingly, or knowingly entered, we observe that Defendant did not include this ground for relief in his motion for withdrawal of guilty plea. In addition, he offered no testimony during the motion hearing that his guilty plea was not voluntarily, understandingly, or knowingly entered, with the exception of a statement that his attorney was ineffective for not advising him of certain matters. Nevertheless, in this appeal Defendant contends that the trial court "failed to comply with the requirements of Boykin v. Alabama, 395 U.S. 238, 89 S.Ct. 1709, 24 L.Ed.2d 274 (1969)." Under Boykin, in order to satisfy certain constitutional rights of the defendant, the trial court must ensure that a defendant entering a guilty plea has "a full understanding of what the plea connotes and of its consequences." Id. at 244. Moreover, the record must disclose that the defendant "voluntarily and understandingly entered his pleas of guilty." Id. Defendant failed to present testimony at the hearing concerning any alleged deficiency by the trial court in summarizing his rights during the guilty plea. Our supreme court has acknowledged that alleged Boykin errors may be addressed in a motion to withdraw a guilty plea. State v. Wilson, 31 S.W.3d 189, 195 n.14 (Tenn. 2000). However, the court in Wilson also observed that "[i]t will be difficult, and perhaps impossible, for an intermediate court, reviewing only the record of the plea submission hearing, to make an accurate determination of the knowing and voluntary nature of a plea." Id. at 195. In essence, Defendant desires for this Court to review his Boykin issue based only on the record of the plea submission hearing, which is inadequate for the task.

Concerning the voluntariness of his guilty plea, Defendant argues in his brief that the trial court further erred by failing to explain the mandatory minimum punishment and the maximum possible punishment for first degree murder as required by Rule 11(c)(1) of the Tennessee Rules of Criminal Procedure. At the time Defendant entered his plea of guilty, the maximum punishment for first degree murder was the death penalty, and the minimum punishment was life imprisonment. The statute allowing punishment by life imprisonment without possibility of parole had not yet been enacted. Defendant's statements at his sentencing hearing and the testimony from his counsel at the motion hearing clearly reflect that Defendant was aware that a conviction of first degree murder following a jury trial carried the possibility of a death sentence. The record also reveals that Defendant's plea of guilty was part of an effort to receive a sentence of life imprisonment and avoid the death penalty. "An otherwise valid guilty plea does not become involuntary merely because it is induced by the defendant's desire to limit the possible maximum penalty to less than that authorized if there is a jury trial." Newsome v. State, 995 S.W.2d 129, 134 (Tenn. Crim. App.

4

1998). Under the circumstances, we find that Defendant was indeed aware of the maximum and minimum punishments for first degree murder.

Defendant's brief also alleges that the trial court failed to explain the nature of the charges of first degree murder. While the record reveals that this allegation is correct, we find that Defendant was sufficiently apprized of the nature of the charges because Defendant's counsel testified during the motion hearing that it was "standard procedure" for him to explain the elements of first degree murder to each client charged with this crime. (This finding was also included in the trial court's excellent, detailed finding of facts regarding this matter). Moreover, the indictment in this case, and the written stipulation of the facts upon which the charge of first degree murder was based, gave Defendant sufficient notice of the elements of first degree murder. See Bryan v. State, 848 S.W.2d 72, 76 (Tenn. Crim. App. 1992) (a defendant may be made aware of the nature of the charges to which he is pleading guilty from the stipulated evidence, the indictment, the statement of charges, or the contents of the guilty plea petition).

Finally, under this issue, Defendant asserts that the trial court failed to advise him that, by pleading guilty, he would waive his right to a jury trial and all the rights which accompany such trial. Defendant is correct in his assertion that the trial court did not fully explain these matters to him. According to the record, however, the following colloquy occurred at the guilty plea hearing:

THE COURT:        I've had two forms submitted to me, Mr. Peele. One of them is entitled, Motion of the Defendant to Waive the Jury, and the other one is entitled, Plea of Guilty. Both of these forms appear to have your signature on it, did you sign these forms?

[DEFENDANT]:      Yes, sir.

THE COURT:        Did you read them, or have them read to you, or have them explained to you by [Defendant's counsel]?

[DEFENDANT]:      Yes, sir.

In addition, during the hearing on Defendant's second motion to withdraw his guilty plea, in April 1999, the following testimony was elicited from Mr. Green, the attorney who represented Defendant at the time of his guilty plea:

THE COURT:        Now, how many times would you have talked with [Defendant] concerning the consequences of his plea agreement?

MR. GREEN:        I don't honestly know how many times, but, I know that he clearly understood the consequences of -- of his plea

5

agreement; that he clearly understood the alternative to entering the plea agreement.

\* \* \*

THE COURT:    All right. The -- Mr. Green, at the hearing, did the defendant sign a written waiver of rights form? Do you remember?

MR. GREEN:    Well, Your Honor, as far - - I remember the express waiver of rights form that he signed, no, I don't.

THE COURT:    All right.

MR. GREEN:    I can't visualize the court accepting the plea without him having signed it.

THE COURT:    All right.

MR. GREEN:    And, I certainly would not have entered the plea for him without him having signed it.

At the hearing on the second motion to withdraw his guilty plea, Defendant also testified but failed to mention the existence of any problem or questions concerning the advice given him by the trial court during the guilty plea hearing. In fact, the majority of Defendant's testimony during the motion hearing related to his allegations of ineffective representation by his counsel, Green, and the alleged mistreatment he suffered in jail at the hands of members of the Carter County Sheriff's Department.

In sum, Defendant offered no testimony or other proof that his guilty plea was not voluntarily, understandingly, or knowingly entered *as a result of any deficiency in the trial court's advice during the submission hearing*. Moreover, Defendant failed to allege this as a ground for relief in his second motion to withdraw his guilty plea. It is well-settled that an issue raised for the first time on appeal may be waived. Fahrner v. SW Mfg., Inc., 48 S.W.3d 141, 148 (Tenn. 2001); Smith v. State, 6 S.W.3d 512, 519 (Tenn. Crim. App. 1999); see also Tenn. R. App. P. 36(a). Based upon the procedural posture of this case and substantial proof in the record, we respectfully hold that Defendant is not entitled to relief on this issue.

The remaining two issues submitted by Defendant in his brief allege that the trial court erred by failing to set aside his guilty plea because the guilty plea was (1) based on "a gross misrepresentation by the District Attorney General," with regard to when sentencing would occur, and (2) "the result of coercion and fear," instilled during his incarceration. We find Defendant's allegation that his guilty plea was based on a "gross misrepresentation" by the prosecutor to be

6

unsupported by the evidence. There is a similar lack of evidentiary support that the guilty plea was the product of coercion and fear. Defendant is not entitled to relief on these issues.

Concerning Defendant's claim of ineffective assistance of counsel, we previously observed that Defendant gives little more than a passing reference to this claim in a short footnote near the conclusion of his appellate brief. Under most circumstances, issues which are unsupported by argument, citation to authorities, or appropriate references to the record result in waiver. Tenn. Ct. Crim. App. R. 10(b). However, since this was the sole ground for relief alleged in the motion to withdraw Defendant's guilty plea, which is the subject of this appeal, we shall briefly address the issue.

At the hearing on the motion to withdraw Defendant's guilty plea, the sole witnesses to testify regarding the issue of ineffective assistance of counsel were Defendant and Bob Green, Defendant's counsel at the time his guilty plea was submitted. According to the record, Green's testimony completely contradicted any and all allegations made by Defendant in support of his claim that counsel's assistance was ineffective. Significantly, the trial court also specifically found that Green was a credible witness and, more importantly, that Defendant was *not* a credible witness or worthy of belief. Accordingly, the trial court concluded that Defendant had entered a knowing, voluntary and understanding plea of guilty and received effective assistance of counsel during the process.

In summation, our review of the record reveals no proof that any constitutional right of Defendant was violated. Absent violation of a constitutional right, the discretion of the trial court was not "*strictly curtailed*" in making the determination as to whether or not to grant the motion to withdraw the guilty plea. See State v. Davis, 823 S.W.2d 217, 220 (Tenn. Crim. App. 1991) (emphasis added). We also conclude the trial court did not err but was entirely correct in determining that Defendant did not receive ineffective assistance of counsel or otherwise meet the burden of establishing that his plea of guilty should be withdrawn to prevent "manifest injustice."

## CONCLUSION

For the reasons stated above, we AFFIRM the judgment of the trial court.

_____
THOMAS T. WOODALL, JUDGE