IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE
AT NASHVILLE
Assigned on Briefs January 6, 2004

## STATE OF TENNESSEE v. AMY JO BLANKENSHIP

**Direct Appeal from the Circuit Court for Coffee County**
**No. 31,689    John W. Rollins, Judge**

---

**No. M2002-01878-CCA-R3-CD - Filed March 16, 2004**

---

The appellant, Amy Jo Blankenship, entered pleas of guilty to counts of burglary, theft, and failure to appear. After the trial court imposed sentences on each guilty plea, the appellant filed a motion to set aside the judgments claiming that she was coerced into pleading guilty. She later filed a motion to withdraw the guilty pleas under Tennessee Rule of Criminal Procedure 32(f). The trial court denied both motions. This appeal follows. We affirm the decision of the trial court.

**Tenn. R. App. P. 3 Appeal as of Right; Judgment of the Trial Court is Affirmed.**

JERRY L. SMITH, J., delivered the opinion of the court, in which DAVID G. HAYES, and THOMAS T. WOODALL, JJ., joined.

Michael E. Giffin, Tullahoma, Tennessee, for the appellant, Amy Jo Blankenship.

Paul G. Summers, Attorney General & Reporter; Kim R. Helper, Assistant Attorney General; and Mickey Layne, District Attorney General, for the appellee, State of Tennessee.

**OPINION**

---

Factual Background

In March of 2002, the appellant was indicted by the Coffee County Grand Jury on one count of unlawfully entering a vehicle in violation of Tennessee Code Annotated section 39-14-402 and one count of theft of property over $500 in violation of Tennessee Code Annotated section 39-14-103. A separate indictment was issued against the appellant for failure to appear in violation of Tennessee Code Annotated section 39-16-609. The indictment for failure to appear resulted from the appellant's absence at proceedings in General Sessions Court on the theft and vehicle charges

prior to the issuance of the indictments on those charges. The trial court appointed the Public Defender's Office to represent the appellant.

Subsequently, the appellant plead guilty to unlawfully entering a vehicle and theft of property in July of 2002. For each plea, she received a sentence of 2 years in the Coffee County Jail, to be served concurrently. In order to fulfill her sentence, the trial court required the appellant to serve 30 days in the Coffee County Jail and the balance of one year and 11 months on probation. The appellant also received 28 days of pretrial jail credit. The appellant also plead guilty to failure to appear and was sentenced to one year of probation, to be served consecutively to the two other charges. Later that same day, the appellant filed a motion to set aside the judgments of guilt, claiming that she was coerced into pleading guilty.

In August of 2002, the appellant filed a motion to withdraw her guilty pleas pursuant to Tennessee Rule of Criminal Procedure 32(f). In support of her motion, the appellant filed a lengthy affidavit claiming that an investigator, rather than a licensed attorney, was the person designated by the Public Defender's Office to handle her case. She also claimed that when she requested a preliminary hearing, the investigator told her that she "would be stupid to want a preliminary hearing" because he had negotiated a favorable settlement with the State.

According to the appellant, upon her appearance in Circuit Court for arraignment, she was again asked by the investigator how she wished to proceed. They discussed the merits of the plea agreement versus taking the case to trial. She maintains that she was advised that if she took the matter to trial, she would go to prison for 13 months and then serve an additional 7 months in Waverly, Tennessee for a violation of probation charge and that if she accepted the plea agreement, she would receive 5 years probation and serve 30 days in jail.

She insists that when she asked to consult her husband in regards to her options, the investigator, the Public Defender, and an Assistant Public Defender told her that she was "stupid," especially for considering trial as an option over the plea agreement. The appellant submits that she finally conceded to the pressure from the Public Defender's Office and accepted the negotiated pleas. She maintains, however, that she was never advised of the elements of the offenses charged against her or the possible defenses.

Upon consideration of the motion and affidavit, the trial court denied the motion to withdraw the guilty plea and the motion to set aside the judgments of guilt. In this appeal the appellant claims that she was "denied effective assistance of counsel" because she "was forced to rely upon the negotiations and counsel of a non-lawyer" and "coerced by a non-lawyer and appointed counsel into

entering . . . [the] guilty plea[s]" all in violation of Article I, Section 9 of the Tennessee Constitution and the Sixth Amendment of the United States Constitution.[1]

### Motion to Withdraw Guilty Pleas under Tennessee Rule of Criminal Procedure 32(f)

The appellant filed a motion to withdraw her guilty pleas based on Tennessee Rule of Criminal Procedure 32(f). That rule provides:

> A motion to withdraw a plea of guilty may be made upon a showing by the defendant of any fair and just reason only before sentence is imposed; but to correct manifest injustice, the court after sentence, but before the judgment becomes final, may set aside the judgment of conviction and permit the defendant to withdraw the plea.

Tenn. R. Crim. P. 32(f). An appeal of right is available from a denial of a Rule 32(f) motion. See State v. Peele, 58 S.W.3d 701 (Tenn. 2000).

In the instant case, the appellant did not indicate a desire to withdraw her pleas until after she was sentenced. Therefore, the appellant was entitled to a withdrawal of her guilty pleas only to correct "manifest injustice." This court recently explained that

> "manifest injustice" has been determined to exist when it is established that the plea was entered as the result of (1) "coercion, fraud, duress or mistake," (2)"fear," (3) a "gross misrepresentation made by the district attorney general, or an assistant," (4) the withholding of material or exculpatory evidence by the State, or (5) where the plea of guilty was "not voluntarily, understandingly, or knowingly entered."

State v. Clifford Douglas Peele, No. E2001-02825-CCA-RM-CD, 2002 WL 54691, at *2 (Tenn. Crim. App. at Knoxville, Jan. 16, 2002) (quoting State v. Turner, 919 S.W.2d 346, 355 (Tenn. Crim. pp.1995)), perm. to appeal denied (Tenn. 2002). The appellant has the burden of establishing that the plea of guilty should be withdrawn. Turner, 919 S.W.2d at 355. In determining whether the accused has carried this burden, the trial court must determine whether the accused and any witnesses presented to establish this standard are credible. Id. The withdrawal of a guilty plea is a matter of the sound discretion of the trial court. State v. Davis, 823 S.W.2d 217, 220 (Tenn. Crim. App. 1991). Our scope of review is, therefore, limited to an abuse of that discretion unless a constitutional violation is shown. In that case, the trial court's discretion is "strictly curtailed." Id. at 220.

The appellant advances her motion brought under Rule 32(f) on the premise that she received ineffective assistance of counsel. Although ineffective assistance of counsel claims may be raised

---

[1]On appeal, the appellant filed a Tennessee Rule of Appellate Procedure 24(d) notice that no transcript or statement of the evidence would be filed. Therefore, in regards to the denial of the motion to withdraw the guilty please, the record before this court contains only the motion and affidavit filed by the appellant.

on direct appeal, this court has previously cautioned that this is a practice "'fraught with peril' since it 'is virtually impossible to demonstrate prejudice as required' without an evidentiary hearing." State v. Ricky Brandon, No. M2002-00073-CCA-R3-CD, 2002 WL 31373470, at *2 (Tenn. Crim. App. at Nashville, Oct. 15, 2002) (quoting State v. Blackmon, 78 S.W.3d 322, 328 (Tenn. Crim. App. 2001), perm. to appeal denied (Tenn. 2003)). Moreover, once the merits of an ineffective assistance of counsel claim have been addressed on direct appeal, the issue may not be revisited in a post-conviction proceeding. See Bobby Allen Joyner v. State, No. 03C01-9807-CR-00260, 1999 WL318832, at *2 (Tenn. Crim. App. at Knoxville, May 19, 1999), perm. to appeal denied (Tenn. 1999). Thus, the better practice is to reserve the issue for a post- conviction proceeding in the event the direct appeal is unsuccessful. Brandon, 2002 WL 31373470, at *2.

On direct appeal, as in a post-conviction proceeding, the appellant is required to prove the ineffectiveness of counsel by clear and convincing evidence. State v. Burns, 6 S.W.3d 453, 461 n.5 (Tenn. 1999). "Evidence is clear and convincing when there is no serious or substantial doubt about the correctness of the conclusions drawn from the evidence." Hicks v. State, 983 S.W.2d 240, 245 (Tenn. Crim. App. 1998). A claim of ineffective assistance of counsel presents a mixed question of law and fact subject to de novo review. Burns, 6 S.W.3d at 461. As such, the trial court's findings of fact are entitled to a presumption of correctness unless the evidence preponderates against those findings. Fields v. State, 40 S.W.3d 450, 458 (Tenn. 2001). However, a trial court's conclusions of law, such as whether counsel's performance was deficient or whether that deficiency was prejudicial, are subject to a purely de novo review with no presumption of correctness. Id. When challenging the effectiveness of counsel, the appellant "bears the burden of proving both that counsel's performance was deficient and that the deficiency prejudiced the defense." Goad v. State, 938 S.W.2d 363, 369 (Tenn. 1996) (citing Strickland v. Washington, 466 U.S. 668, 687 (1984)).

> Because [the appellant] must establish both prongs of the test, a failure to prove either deficiency or prejudice provides a sufficient basis to deny relief on the ineffective assistance claim. Indeed, a court need not address the components in any particular order or even address both if [the appellant] makes an insufficient showing of one component.

Id. at 370.

To establish constitutionally deficient performance, the appellant must demonstrate that counsel's representation fell below an objective standard of reasonableness. Strickland, 466 U.S. at 687-88; Burns, 6 S.W.3d at 462. Specifically, the appellant must show that counsel's performance was not within "the range of competence demanded of attorneys in criminal cases." Baxter v. Rose, 523 S.W.2d 930, 936 (Tenn. 1975). To establish prejudice, the appellant must show that "there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different. A reasonable probability is a probability sufficient to undermine confidence in the outcome." Strickland, 466 U.S. at 694; Dean v. State, 59 S.W.3d 663, 667 (Tenn. 2001).

The appellant contends that her trial counsel was ineffective because she was "coerced" into pleading guilty. We interpret the appellant's argument as an argument that her guilty pleas were not knowingly and/or voluntarily entered into. In support of her argument to the trial court, she submitted a lengthy affidavit which alleges various acts by the Public Defender's Office which caused her to be coerced into pleading guilty to the charges. There was no other testimony offered to bolster the appellant's claims.

We are constrained to note the following established principles relating to the admissibility of affidavits as evidence:

> An affidavit is ordinarily not admissible to prove facts in issue at an evidentiary hearing, because it is not subject to cross examination and would improperly shift the burden of proof to the adverse party. . . . Affidavits are generally not competent evidence unless provided by statute. . . . As a general rule, a party is not permitted to create an issue of fact by submitting a[n] affidavit whose conclusions contradict a prior deposition or other sworn testimony.

3 Am. Jur. 2d Affidavits § 19 (2002); Brandon, 2002 WL 31373470, at *3. Moreover, affidavits are incapable of credibility assessment, which is oftentimes pivotal in determining ineffective assistance of counsel claims.

The appellant's claims of coercion and an unknowing, involuntary guilty plea, if substantiated by the evidence, would, according to the case law previously noted, rise to the level of manifest injustice. However, it is the duty of the appellant to provide a record which conveys a fair, accurate and complete account of what transpired with regard to the issues which form the basis of the appeal. Tenn. R. App. P. 24(b); see State v. Taylor, 992 S.W.2d 941, 944 (Tenn. 1999). Further, the appellant had the burden to prove that manifest injustice resulted from the trial court's denial of the motion to withdraw the guilty pleas. In determining whether the appellant has carried this burden, the trial court must determine whether the appellant and any witnesses presented to establish this standard are credible. Apparently, only counsel appeared to present the motion to withdraw the guilty pleas, thus no witnesses, not even the appellant herself testified at the hearing on the motion. Thus, the record before this court contains no evidence of coercion or an unknowing, involuntary guilty plea, save the affidavit submitted by the appellant. Without more, the appellant has failed to meet her burden of showing why her guilty pleas should be withdrawn. We conclude that the trial court did not abuse its discretion by denying the motion to withdraw the guilty pleas. Accordingly, the decision of the trial court is affirmed.

## Conclusion

After a thorough review of the record, we conclude that there was no reversible error and, therefore, affirm the decision of the trial court.

_____
JERRY L. SMITH, JUDGE