**STATE of Tennessee, Appellee,**

v.

**Charles Edward HAYNES, Appellant.**

Court of Criminal Appeals of Tennessee, at Nashville.

Feb. 22, 1985.

William M. Leech, Jr., Atty. Gen. & Reporter, David M. Himmelreich, Asst. Atty. Gen., Nashville, Joseph D. Baugh, Jr., Dist. Atty. Gen., Franklin, for appellee.

David H. King, Franklin, for appellant.

## OPINION

O'BRIEN, Judge.

This case, coming from the Criminal Court of Williamson County, has run a tortuous course. Defendant was indicted in January, 1977. For reasons not associated with the issues raised on this appeal the indictments were at one time abated. Subsequently defendant entered into a plea agreement by which he pled guilty to third degree burglary under Docket No. 2307 in the trial court. Judgment on the guilty plea was entered on August 16, 1978, fixing punishment at imprisonment for not less than three (3) years nor more than three (3) years. As part of the plea agreement three other charges, under Trial Docket Nos. 2084, 2085, and 2086 were nolle prossed. The judgment recited that the three year sentence would run concurrently with a prior two (2) year sentence in Cause No. 2037 which defendant was serving in the penitentiary at the time the judgment was entered.

On September 3, 1978, some three weeks after the judgment was entered, a motion was filed to amend the order of conviction. On October 6, 1978 a hearing was held on the motion. The court entered an order in which he found that defendant was under the impression at the time of his guilty plea submission that the sentence he was to serve would begin as of the date he began to serve the sentence in Cause No. 2037. He further found that the prison administration had declined to calculate the time to be served on that basis, and that the District Attorney objected to the amendment of the judgment order to direct calculation of the time for serving the sentence to begin from the date defendant began serving the sentence in Cause No. 2037. He found that defendant was under a misconception regarding the amount of time he was to serve, that he was not fully informed as to the recommendation of the State at the time he entered his plea, and that his guilty plea was conditioned upon the recommendation of the State. The guilty plea was set aside and for naught held. The State was authorized to proceed on all of the charges then pending against the defendant.

New indictments were then obtained on three of the charges pending against defendant. These were numbered 2401, 2402, and 2403 in the trial court. In February, 1979, defendant was convicted of burglary, armed burglary, grand larceny and concealing stolen property. The jury fixed punishment at not less than three (3) nor more than ten (10) years for burglary; not less than ten (10) nor more than fifteen (15) years for armed burglary; not less than three (3) nor more than ten (10) years for grand larceny, and not less than five (5) nor more than ten (10) years for concealing stolen property. On December 19, 1979

this Court reversed and dismissed the concealing conviction and affirmed all of the other convictions.[1]

Subsequently defendant filed a pro se petition for post-conviction relief which was dismissed in the trial court without appointment of counsel or an evidentiary hearing. This case was appealed to this Court and the judgment of the trial court reversed, 637 S.W.2d 467. The case was remanded for appointment of counsel who was directed to file an amended petition. After amendment of the petition, response by the State, and when all pertinent pleadings and records were assembled, the trial court was directed to grant an expeditious evidentiary hearing. Upon a hearing of the matter the petition was once more denied. Appeal was taken to this Court. This is the fourth time these cases have been before this Court. We believe the matter is now in the correct posture to be disposed of conclusively.

The post-conviction petition, as amended, alleges that (1) the motion to clarify the guilty plea was never properly considered by the court, and (2) that defendant's counsel of record at the time did not present the motion properly before the court. (3) He further alleges the trial court acted arbitrarily and capriciously in setting aside the guilty plea; (4) that the Assistant District Attorney General involved in the case was guilty of prosecutorial misconduct in insisting on setting aside the guilty plea.

The petition prays (1) that petitioner be furnished a copy of his motion to clarify the guilty plea, and a transcript of the proceedings on his motion; (2) that he be granted a hearing to determine whether or not the trial court acted properly in rescinding the plea bargain agreement and allowing the State to proceed with cases which had already been dismissed; (3) that his sentence be reduced to the time he would have received under the original plea bargain agreements.

The record of the hearing on the post-conviction petition is before us. It discloses, first of all, that a concerted effort was made to locate the court reporter who attended the guilty plea proceedings, as well as the hearing on the motion to clarify the guilty plea, all to no avail. The only item of record of those proceedings is the order of the trial court setting aside the guilty plea. The record of the hearing of the post-conviction petition, at which both defendant and his conviction trial counsel testified, clearly reflects that at the time of the guilty plea submission defendant was under the misapprehension that his sentence could be fixed to revert retroactively, and the time would begin to toll as of the date he began the two year sentence he was then serving. Had this been possible, he would have had a credit of approximately fourteen months on his three year sentence on the date he commenced serving the time. It also appears from the record that this impression on the part of defendant was conceived after he had discussed the matter with someone at the penitentiary, and that neither his trial counsel, the District Attorney, nor the trial judge, had the same opinion, nor did any of those officers of the court convey that suggestion to the defendant. It also appears that his trial counsel filed the motion to amend the court's order at defendant's insistence, and against his own better judgment. He advised the defendant that it was wholly possible the trial judge would set the order aside and he would be put to trial on all of the charges which had been pending against him prior to the entry of the guilty plea.

The record clearly shows that counsel properly presented the motion to amend the order on defendant's guilty plea. That the trial court clearly understood that defendant was under a misconception in regard to the amount of time he would have to serve, and was not fully informed as to the recommendation of the State at the time he entered the guilty plea, and that his plea was conditioned upon the recommendation of the State.

At the conclusion of the post-conviction hearing the trial court found that defendant did not understand the consequences of his guilty plea in regard to how much time

---

1. *State v. Charles Edward Haynes,* Nashville September Session, 1979.

he would have to serve in the penitentiary and the court's only alternative was to set aside the guilty plea. He found that defendant was properly represented at the guilty plea proceedings and that defendant had been fully advised of the possible consequences of proceeding with the motion to amend or correct the judgment on the guilty plea submission. We are in accord with that judgment of the trial court.

We have examined the record thoroughly and find nothing to support the allegation that the Assistant District Attorney General was guilty of prosecutorial misconduct at the hearing on the motion to amend the judgment.

 We are also satisfied that the action of the trial judge in setting aside the guilty plea was correct. He found that the guilty plea was entered into through a misunderstanding as to its effect. To allow withdrawal of a guilty plea under such circumstances is a matter which rests in the sound discretion of the trial court. *Henning v. State,* 201 S.W.2d 669, 184 Tenn. 508 (1947). Tenn.R.Crim.P. 32(f). It would have been beyond the authority of the trial court to allow defendant's sentence to be served in the manner which he requested:

"The Legislature determines the purposes of sentencing and the particular penalty for an offense, and the courts may not interfere except in those instances where the sentence imposed violates the Eighth Amendment prohibition against cruel and unusual punishment, ... The method to be used by the judge or jury in reaching the sentence is also within the legislative domain, and absent a clear infringement of a constitutional right of the defendant, the courts may not interfere with the methods chosen by the Legislature." *State v. Howse,* 634 S.W.2d 652, 656 (Tenn.Cr.App.1982).

At the time of defendant's guilty plea submission, T.C.A. § 40–3102, (T.C.A. § 40–23–101), provided in pertinent part:

"Hereafter when a person is sentenced to imprisonment the judgment of the court shall be rendered so that such sentence shall commence on the day on which the defendant legally comes into the custody of the sheriff for execution of the judgment of imprisonment; provided that this section shall not apply in a case where, after the rendition of the judgment is stayed by appeal or imprisonment, an execution of the judgment is stayed by appeal or otherwise; and provided further, that this section shall not interfere with the operation of the statute requiring sheriffs in whose custody defendants come for execution of judgments of imprisonment to commit such defendants as soon as possible to jail or to the warden of the penitentiary.

The trial court shall, at the time the sentence is imposed and the defendant committed to jail, the workhouse, or the state penitentiary for imprisonment, render the judgment of the court as to allow the defendant credit on his sentence for any period of time for which he was committed and held in the city jail or juvenile court detention prior to waiver of juvenile court jurisdiction, or county jail or workhouse, pending his arraignment and trial. The defendant shall also receive credit on his sentence for the time he served in the jail, workhouse or penitentiary subsequent to any conviction arising out of the original offense for which he was tried."

 For the trial court to have shortened defendant's sentence by setting it to begin retroactively would have been in derogation of the statute. The trial court's ruling denying the petition for post-conviction relief was correct. The findings of the trial court upon questions of fact are conclusive unless this Court finds the evidence preponderates against the judgment. *Winrow v. State,* 649 S.W.2d 18, 21 (Tenn.Cr. App.1983).

The judgment of the trial court is affirmed.

SCOTT, J., and JOHN D. TEMPLETON, Special Judge, concur.