**NOT RECOMMENDED FOR FULL-TEXT PUBLICATION**
**File Name: 10a0623n.06**

**No. 07-6272**

**UNITED STATES COURT OF APPEALS**
**FOR THE SIXTH CIRCUIT**

| | | |
|---|---|---|
| **PERRY FRANKS,** | ) | |
| | ) | |
| Petitioner–Appellant, | ) | |
| | ) | |
| v. | ) | **ON APPEAL FROM THE UNITED** |
| | ) | **STATES DISTRICT COURT FOR THE** |
| **CHERRY LINDAMOOD, Warden,** | ) | **MIDDLE DISTRICT OF TENNESSEE** |
| | ) | |
| Respondent–Appellee. | ) | |
| | ) | |

FILED
Sep 22, 2010
LEONARD GREEN, Clerk

Before: MERRITT, MOORE, and GIBBONS, Circuit Judges.

**JULIA SMITH GIBBONS, Circuit Judge.** Petitioner Perry Franks appeals the order of

the district court denying his petition for a writ of *habeas corpus*. Franks alleges that grant of the

writ is warranted because his trial counsel was constitutionally ineffective for failing to file a motion

to withdraw his plea of guilty after Franks requested that he do so. He argues that his attorney's

failure to file should be presumed prejudicial under *Roe v. Flores-Ortega*, 528 U.S. 470 (2000). For

the following reasons, we affirm the district court's denial of the writ.

I.

On September 19, 2002, Franks turned himself in to the police on allegations that he had

sexually assaulted a taxi driver. Franks was charged with one count of aggravated rape and one

count of especially aggravated kidnapping. *Franks v. State*, No. M2004-00554-CCA-R3-PC, 2005

WL 351260, at *1 (Tenn. Crim. App. Feb. 9, 2005). The day before trial was to begin, Franks

decided to enter a "best interest" plea under *North Carolina v. Alford*, 400 U.S. 25 (1970), in

exchange for concurrent fifteen-year sentences. *Id.* The plea agreement provided that the sentence

was to be served at "100%."

The Tennessee Court of Criminal Appeals further summarized the facts pertinent to this

appeal:

> The Defendant now contends [on a petition for post-conviction relief] that his plea was marred by the ineffective assistance of counsel because his lawyer told him that he would be eligible for parole in eight years, and because his lawyer failed to file a motion to withdraw his guilty plea after being timely requested to do so by the Defendant.

> . . .

> The Defendant testified at the post-conviction hearing that his lawyer told him that the State was offering him "15 years at 100 percent." The Defendant claimed, however, that his attorney also told him that, if he took the offer, he would "come up for parole in eight years." After the Defendant took the plea, he learned that the crimes to which he had pled required one hundred percent service, with no more than a 15% reduction for sentence credits.[1] He called the Public Defender's office where his lawyer worked and requested that his lawyer file a motion to withdraw his plea. The Defendant made this phone call within a few days of entering his plea.

> A lawyer other than the one who was assigned to the Defendant's case testified that he received the Defendant's communication about moving to withdraw his plea, and forwarded the Defendant's request to the assigned lawyer. The motion was never filed, however.

> The testifying lawyer ("Counsel") was also present with the Defendant immediately prior to and at the plea hearing. Counsel explained the plea to the Defendant and told him that the sentences to which he was agreeing had to be served at one hundred percent. Counsel

---

[1]*See* Tenn. Code Ann. § 40-35-501(i).

> explained to [the Defendant] that 100 percent means 100 percent, subject to no more than 15 percent good time. Which meant . . . on a 15 [year sentence], I think we probably figured it out in the neighborhood of 13, 14 years . . . [that] [the Defendant] would have to serve, at a minimum, before he would be eligible for release.

> The trial court accredited Counsel's testimony on this matter and found that the Defendant "was aware of the effects of a fifteen (15) year sentence and how much he would have to serve at the time that it was entered." . . .

> With respect to the Public Defender's failure to file a motion to withdraw the Defendant's guilty plea, the trial court determined that the evidence of this failure was "uncontroverted." However, the trial court further found that the Defendant suffered no prejudice thereby because he "presented no evidence that he would have been entitled to withdraw his plea agreement in this manner." Accordingly, the trial court also refused to grant relief on the basis of this allegation.

*Franks*, 2005 WL 351260, at *1–3.

After laying out the proper standard for evaluating a claim of ineffective assistance of counsel under *Strickland v. Washington*, 466 U.S. 668 (1984), the Tennessee Court of Criminal Appeals explained that, according to Tennessee Rule of Criminal Procedure 32(f), a trial court would have granted a timely motion to withdraw the plea had it found that the plea was tainted by "manifest injustice." *Franks*, 2005 WL 351260, at *3. Tennessee courts have held that "manifest injustice" can be established by a showing of, among other things, (1) "coercion, fraud, duress, or mistake," or (2) that the plea was "not voluntarily, understandingly, or knowingly entered." *See id.* (quoting *State v. Peele*, No. E2001-02825-CCA-RM-CD, 2002 WL 54691, at *2 (Tenn. Crim. App. Jan 16, 2002)). The court then cited several factual findings of the trial court that weighed against a finding of manifest injustice:

> [T]he Defendant read and signed a guilty plea document that clearly stated that his sentences were "100%"; the trial court taking the plea repeatedly told the Defendant

3

> that his sentences were one hundred percent; and Counsel testified that, prior to the Defendant pleading, he explained to the Defendant the meaning of the one hundred percent service requirement.

*Id.* The court therefore concluded that Franks could not demonstrate any prejudice resulting from his lawyer's failure to file the motion to withdraw the plea because he could not demonstrate "any likelihood that a motion to withdraw his plea would have been granted." *Id.* The court never reached an argument Franks had raised in his briefs, relying on *Wallace v. State*, 121 S.W.3d 652 (Tenn. 2003), that the failure to file a motion to withdraw the plea was *per se* prejudicial, thus relieving him of his burden to show actual prejudice. Franks filed an application for permission to appeal to the Tennessee Supreme Court, but it was denied on June 27, 2005.

On March 6, 2006, Franks filed a petition for a writ of *habeas corpus* in the district court. He again claimed, among other things, that his counsel provided constitutionally ineffective assistance when he failed to file a motion to withdraw his plea. Franks specifically disclaimed any assertion that his plea was "involuntarily or unintelligently entered in violation of the Due Process Clause." Contending that the only issue to decide was whether he suffered prejudice, Franks argued that prejudice should be presumed under *Roe v. Flores-Ortega*, 528 U.S. 470 (2000), but even if prejudice is not presumed that he suffered actual prejudice and should succeed on his claim anyway. The district court denied the petition. *Franks v. Lindamood*, No. 1:06-0018, 2007 WL 3046357, at *14 (M.D. Tenn. Oct. 15, 2007). It interpreted *Flores-Ortega* to require a showing of actual prejudice even in cases where prejudice could be presumed and then found that Franks could show no prejudice because his motion would not have been granted if it had been filed. *Id.* at *11. To make this finding, the district court analyzed under prevailing law whether Franks was sufficiently

4

advised of his rights and of the direct consequences of his plea and determined, in accordance with the Tennessee courts' findings, that he was. *Id.* at *12–13.

Franks now appeals the district court's decision. His appeal is limited to the sole issue of whether his counsel's failure to file the motion to withdraw his plea constituted ineffective assistance, and he requests only that this court allow him to file, *nunc pro tunc*, a motion to withdraw his plea in the Tennessee state courts.

## II.

"We review de novo a district court's determinations regarding a habeas petitioner's claim of ineffective assistance of counsel." *Mason v. Mitchell*, 543 F.3d 766, 771 (6th Cir. 2008). Moreover, the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA") governs all habeas petitions filed after AEDPA's effective date. *See Lindh v. Murphy*, 521 U.S. 320, 326–27, (1997). AEDPA provides:

> An application for a writ of habeas corpus on behalf of a person in custody pursuant to the judgment of a State court shall not be granted with respect to any claim that was adjudicated on the merits in State court proceedings unless the adjudication of the claim—
> (1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or
> (2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding.

28 U.S.C. § 2254(d)(1)–(2).

A state court adjudication is "contrary to" Supreme Court precedent under § 2254(d)(1) "if the state court arrives at a conclusion opposite to that reached by [the Supreme] Court on a question of law," or "if the state court confronts facts that are materially indistinguishable from a relevant

Supreme Court precedent" and arrives at a different result. *Williams v. Taylor*, 529 U.S. 362, 405 (2000). A state court makes "an unreasonable application of" Supreme Court precedent under § 2254(d)(2) "if the state court identifies the correct governing legal rule from [the Supreme] Court's cases but unreasonably applies it to the facts of the particular . . . case," or if the court unreasonably extends or refuses to extend to new factual situations existing Supreme Court precedent. *Id.* at 407. Under AEDPA, the question for this court to answer "is not whether a federal court believes the state court's determination was incorrect but whether that determination was unreasonable—a substantially higher threshold." *Schriro v. Landrigan*, 550 U.S. 465, 473 (2007).

However, where "the state court did not assess the merits of a claim properly raised in a habeas petition, the deference due under AEDPA does not apply." *Maples v. Stegall*, 340 F.3d 433, 436 (6th Cir. 2003) (citing *Williams v. Coyle*, 260 F.3d 684, 706 (6th Cir. 2001)). When AEDPA deference does not apply, we apply the pre-ADEPA standard and review questions of law *de novo* and questions of fact for clear error. *Brown v. Smith*, 551 F.3d 424, 430 (6th Cir. 2008); *see also Maples*, 340 F.3d at 436.

### III.

The two prongs of an ineffective-assistance-of-counsel claim are familiar: Franks must show his counsel's performance was deficient, and that counsel's deficiency caused him prejudice. "When a convicted defendant complains of the ineffectiveness of counsel's assistance, the defendant must show that counsel's representation fell below an objective standard of reasonableness." *Strickland v. Washington*, 466 U.S. 668, 687–88 (1984). Second, "[t]he defendant must show that there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding

would have been different. A reasonable probability is a probability sufficient to undermine confidence in the outcome." *Id.* at 694. As the only disputed issue is whether counsel's failure to file the motion to withdraw the plea was prejudicial to Franks, we will address that prong.

In *Hill v. Lockhart*, the Supreme Court explained that "[i]n the context of guilty pleas . . . [t]he second, or 'prejudice,' requirement . . . focuses on whether counsel's constitutionally ineffective performance affected the outcome of the plea process." 474 U.S. 52, 58–59 (1985). A defendant can raise an ineffective assistance claim when "during the judicial proceeding [the defendant] was—either actually or constructively—denied the assistance of counsel altogether." *Flores-Ortega*, 528 U.S. at 483. We have recognized that although the standard *Strickland* test for prejudice "provides guidance for resolving virtually all ineffective assistance of counsel claims, there are 'a few situations in which prejudice may be presumed.'" *Mitchell v. Mason*, 325 F.3d 732, 740 (6th Cir. 2003) (quoting *Williams*, 529 U.S. at 391).

Before reaching this issue, we must address the level of deference due the state court's opinion. As noted above, AEDPA requires that we give deference to state court decisions on the merits of claims properly raised in a *habeas* petition. However, if the state court does not address an issue on the merits, then our review reverts back to the pre-AEDPA standard of *de novo* review of issues of law. *Maples*, 340 F.3d at 436. A federal constitutional claim is considered properly raised in the state courts even if the petitioner only cites to state court decisions. *See Hannah v. Conley*, 49 F.3d 1193, 1196 (6th Cir. 1995) ("A petitioner 'fairly presents' his claim to the state courts by citing a provision of the Constitution, federal decisions using constitutional analysis, or

state decisions employing constitutional analysis in similar fact patterns." (quoting *Levine v. Torvik*,

986 F.2d 1506, 1516 (6th Cir. 1993))).

In his post-conviction brief to the Tennessee Court of Criminal Appeals, Franks did in fact

raise the same argument he raises here. He cited to *Wallace v. State*, 121 S.W.3d 652 (Tenn. 2003),

which analyzed *Flores-Ortega* and held that prejudice could be presumed when an attorney fails to

file a motion for a new trial, so long as the petitioner can show that "but for the deficient

representation of counsel, a motion for a new trial would have been filed." *Id.* at 659. Franks argued

to the Tennessee court, as he does here, that "counsel's failure to timely file a motion to set aside his

plea upon timely request likewise constitutes per se ineffective assistance of counsel." However, the

Tennessee Court of Criminal Appeals never reached this issue. Nowhere in its decision does it

mention the concept of presumed prejudice, as it limited its analysis of Franks's claims to whether

he was able to show actual prejudice. *See Franks*, 2005 WL 351260. Therefore, we will review *de

novo* Franks's claim that prejudice should be presumed.

A.

In *United States v. Cronic*, in discussing competent legal representation, the Supreme Court

wrote, "There are, however, circumstances that are so likely to prejudice the accused that the cost

of litigating their effect in a particular case is unjustified." 466 U.S. 648, 658 (1984). In these

circumstances, "[n]o specific showing of prejudice [is] required," because "the adversary process

itself [is] presumptively unreliable." *Id*. at 659. The Court identified several of these circumstances,

including

8

> the complete denial of counsel, . . . if counsel entirely fails to subject the prosecution's case to meaningful adversarial testing, . . . [or] some occasions when although counsel is available to assist the accused during trial, the likelihood that any lawyer, even a fully competent one, could provide effective assistance is so small that a presumption of prejudice is appropriate without inquiry into the actual conduct of trial.

*Id.* at 659–60.

The Court extended this reasoning in *Flores-Ortega*, where "counsel's deficient performance has deprived [the defendant] of more than a *fair* judicial proceeding; that deficiency deprived [the defendant] of the appellate proceeding altogether." 528 U.S. at 483. In *Flores-Ortega*, the defendant entered a plea of guilty to second-degree murder. *Id.* at 473. When defense counsel failed to file a notice of appeal and the applicable limitations period ran before the defendant attempted to do so *pro se*, the defendant brought a *habeas* petition alleging that counsel's ineffective assistance deprived him of an appeal. *Id.* The Court concluded that, just as in *Cronic*, "[t]he even more serious denial of the entire judicial proceeding itself, which a defendant wanted at the time and to which he had a right, similarly demands a presumption of prejudice." *Id.* at 483. The rule of presumed prejudice is not "*per se* prejudice," however; that is, *habeas* relief is not appropriate "solely upon a showing that counsel had performed deficiently." *Id.* at 484. Rather, the defendant must also "demonstrate that, but for counsel's deficient performance, he would have appealed." *Id.* In *Flores-Ortega*, the Court held that it could not determine whether the defendant had conveyed his wishes to appeal to his attorney and therefore remanded the case for further consideration. *Id.* at 487.

Franks argues that this court should extend the reasoning in *Flores-Ortega* from an attorney's failure to file a notice of appeal to an attorney's failure to file a motion to withdraw his plea.[2] We decline to do so. The critical distinction lies in the fact that *Flores-Ortega* allowed courts to presume prejudice in situations where the defendant wanted counsel to pursue a proceeding "*to which he had a right*." *Id.* at 483 (emphasis added). As is always the case, Tennessee's criminal defendants have available to them one appeal as of right from a conviction. Tenn. R. App. P. 3(b). Defendants initiate this appeal by filing a notice of appeal within thirty days. Tenn. R. App. P. 4(a). Defendants' right to an appeal is, in fact, even stronger in Tennessee than in the federal system, as a failure to file a notice of appeal in Tennessee does not deprive appellate courts of jurisdiction to hear the appeal. Tenn. R. App. P. 4(a). As the Supreme Court held in *Flores-Ortega*, therefore, counsel's failure to file a notice of appeal deprives a criminal defendant of a proceeding to which he was necessarily entitled, thus presumptively prejudicing the defendant regardless of the likely outcome of the appeal. Thus, counsel essentially has a duty to file the notice of appeal if asked.

By contrast, a defendant has no right to have his attorney carry out every other request he makes, without regard to whether the request is meritless or frivolous. Such requests certainly include a motion to withdraw a plea, which are disfavored in federal courts, even when made before a sentence is imposed. *See United States v. Peck*, 56 F.3d 65, 1995 WL 313724, at *3 (6th Cir.

---

[2]*Flores-Ortega* held that the failure to file a notice of appeal is not *per se* prejudicial. 528 U.S. at 484. Rather, the case allows courts to presume prejudice—that is, without a showing of actual prejudice—if the defendant can show that he would have pursued an appeal absent counsel's deficient performance. *Id.* at 483–84. Despite this being a critical factual issue in many cases applying *Flores-Ortega*, we need not reach it here because this case can be decided solely on whether *Flores-Ortega* should be extended to the motion-to-withdraw-a-plea context.

1995) (unpublished table decision) ("Even pre-sentence requests for withdrawal are disfavored, however, when the defendant waits to withdraw a plea until after notification of an actual sentence." (citing *United States v. Watley*, 987 F.2d 841, 848 (D.C. Cir. 1993))). The Supreme Court was willing to extend the presumed prejudice doctrine in *Flores-Ortega* because defendants have a right to have a notice of appeal filed on their behalf. Where, as in this case, the defendant is not necessarily entitled to have filed the motion he requests, there is no basis for us to extend *Flores-Ortega* and presume counsel's failure to file the motion was prejudicial.

B.

Because we will not presume prejudice from counsel's failure to file a motion to withdraw Franks's plea, we must still decide whether Franks suffered actual prejudice. Because the Tennessee Court of Criminal Appeals decided this issue on the merits, full AEDPA deference applies. The state court found that Franks "failed to demonstrate any likelihood that a motion to withdraw his plea would have been granted, and therefore failed to demonstrate any prejudice resulting from his lawyer's failure to [do the] same." *Franks*, 2005 WL 351260, at *3. We find this conclusion to be entirely reasonable. The weight of the evidence in the record suggests that Franks was properly advised of the consequences of his plea. Franks only offers his own assertion that he believed he would be eligible for parole in eight years. Furthermore, as the district court pointed out, this circuit has held that eligibility for parole is not a pertinent consequence of a plea of which a defendant must be informed. *See Brown v. Perini*, 718 F.2d 784, 788 (6th Cir. 1983). Although this decision does not bear on whether Franks's motion would have been granted under state law, it does support our finding that the Tennessee court's decision was reasonable.

Franks argues that the Tennessee courts applied an incorrect standard in deciding whether he suffered prejudice. The Tennessee Court of Criminal Appeals wrote that a motion to withdraw a plea of guilty must be decided under a "manifest injustice" standard. *Franks*, 2005 WL 351260, at *3 (citing Tenn. R. Crim. P. 32(f)). Franks argues, however, that the manifest injustice standard only defines when a court *must* grant a motion to withdraw a plea; he argues that Tennessee courts have discretion to grant such a motion under other circumstances. First, as a preliminary matter, "it is not the province of a federal habeas court to reexamine state-court determinations on state-law questions." *Estelle v. McGuire*, 502 U.S. 62, 67–68 (1991). Although an exception to the rule does exist if the errors "rise for some other reason to the level of a denial of rights protected by the United States Constitution," *Barclay v. Florida*, 463 U.S. 939, 957–58 (1983), Franks has alleged no other reason here, and none are immediately evident. Second, Franks overreads the case he claims establishes this "two-level gateway to relief." He cites *State v. Crowe*, 168 S.W.3d 731 (Tenn. 2005), as allowing withdrawal of a plea subject to the trial court's discretion if a defendant can merely show a "misunderstanding as to [the plea's] effect." *Id.* at 742–43. But *Crowe* did not do what Franks claims; the passage Franks quotes in his brief merely recites the same standard as the *Peele* case that the Tennessee Court of Criminal Appeals quoted in its decision, albeit using slightly different language. Although Franks cites a few favorable cases that suggest his motion may have had some success had it been filed, *see State v. Haynes*, 696 S.W.2d 26 (Tenn. Crim. App. 1985), and *State v. Harris*, C.C.A. No. 103, 1989 WL 119448 (Tenn. Crim. App. Oct. 11, 1989), they do not show the Tennessee court's decision was unreasonable. We hold that Franks has failed to establish the prejudice prong of the *Strickland* standard.

IV.

For the foregoing reasons, we affirm the district court's denial of Franks's petition for *habeas corpus*.