STATE of Tennessee, Appellee,

v.

**Lloyd Wayne DAVIS, Appellant.**

Court of Criminal Appeals of Tennessee,
at Nashville.

June 28, 1991.

No Permission to Appeal
Applied for to the Supreme Court.

Dan R. Alexander, Nashville, for appellant.

Charles W. Burson, Atty. Gen. and Reporter, John M. Roberts Asst. Atty. Gen., Victor S. Johnson III, Dist. Atty. Gen., 20th Judicial Dist., James F. Walsh, Asst. Dist. Atty. Gen., Nashville, for appellee.

## OPINION

SUMMERS, Judge.

This is an appeal from a conviction of driving under the influence of an intoxicant, first offense, in violation of T.C.A. § 55–10–401. The sole issue is whether the trial court erred in refusing to allow the

appellant, Lloyd Wayne Davis, to withdraw his guilty plea. The state, as the appellee in this case, submitted a responsive brief, but has made no recommendation as to the appropriate disposition.

The facts giving rise to this appeal are short, succinct, and undisputed. After being stopped by a Nashville Metropolitan Police officer for suspicion of DUI, appellant registered .16 on an intoxilizer breath test administered by the officer. Appellant was later indicted for this offense. Appellant filed a request for discovery pursuant to Rule 16, Tenn.R.Crim.P. and *Brady v. Maryland*, 373 U.S. 83, 83 S.Ct. 1194, 10 L.Ed.2d 215 (1963). The state answered the discovery request and specifically responded that there was no exculpatory evidence available; but if any later arose, such evidence would be furnished. On July 11, 1990, appellant pled guilty to the charge in the Davidson County Probate Court.

Shortly thereafter, the same court heard a different DUI case wherein there was a disclosure of certain memoranda from the Metropolitan Police Department revealing knowledge of incorrect readings, malfunctions and possible tampering with the intoxilizer machines operated by the Department.

That case and consequently the memoranda (hereinafter "Department memos") became highly publicized. Copies of the Department memos are part of the record in this case. Appellant learned of the problems with the intoxilizers used by the Department after his sentence had been entered but before the judgment was final.

On July 31, 1990, appellant filed a motion in the Probate Court pursuant to Rule 32(f), Tenn.R.Crim.P. seeking to withdraw his guilty plea. The court denied the motion. The rationale for this denial was that appellant would have had to commit perjury to change his plea, and the court was "not going to be a part of perjury." The court pointed out that there was a substantial factual basis to support the guilty plea. The court held, "[d]efendants are not going to come up here and say those facts are true and then come back and say they're not. Motion denied."

The way we view appellant's position is that the state violated legal principles requiring the divulgence of exculpatory evidence, i.e., the Department memos. As a result, the argument continues, the trial court should have allowed the guilty plea to be withdrawn in order to protect a manifest injustice. Rule 32(f), Tenn.R.Crim.P. We will address these contentions in the order presented.

■ The state's suppression of evidence favorable to an accused upon the accused's request violates due process where the evidence is material either to guilt or punishment. *Brady v. Maryland*, 373 U.S. at 87, 83 S.Ct. at 1196; *Strouth v. State*, 755 S.W.2d 819 (Tenn.Crim.App.1986). Impeachment evidence, as well as exculpatory evidence, "falls within the *Brady* rule." *United States v. Bagley*, 473 U.S. 667, 676, 105 S.Ct. 3375, 3380, 87 L.Ed.2d 481 (1985). "Such evidence is 'evidence favorable to an accused' [*Brady v. Maryland*, 373 U.S. at 87, 83 S.Ct. at 1196], so that, if disclosed and used effectively, it may make the difference between conviction and acquittal." *United States v. Bagley*, 473 U.S. at 676, 105 S.Ct. at 3380. Accordingly, the prosecution is not required to reveal its entire file on a particular case, but is required to disclose evidence favorable to the defendant that, if suppressed, would deprive the accused of a fair trial. *Id.* at 675–678, 105 S.Ct. at 3379–82; *United States v. Agurs*, 427 U.S. 97, 96 S.Ct. 2392, 49 L.Ed.2d 342 (1976).

■ It is apparent from this record that there were two items of evidence tending to incriminate appellant. First, there was the observation made by the arresting officer or officers on the night in question. Second, there was the intoxilizer test report stating that appellant registered .16. Appellant was facing the inference that could be drawn from the test that he was under the influence of an intoxicant and that his ability to drive was impaired thereby. See T.C.A. § 55–10–408.

A major portion of the state's case was called into question upon the presentation of the Department memos. Appellant's at-

torney argued below that appellant would not have pled guilty if he had been aware of the correspondence at issue. We believe that the Department memos certainly comprised evidence which was material to the issue of guilt. Furthermore, had the case gone to trial and the intoxilizer results been entered into evidence, the Department memos contained information which would have been helpful for purposes of impeachment. The memos addressed experiments and examinations of the intoxilizer which revealed substantial malfunctions. One commentator has noted that "scientific tests are frequently conducted with negative results (e.g., fingerprints). In such cases the fact that such a test was performed should be disclosed since the absence of such evidence may be very material to the defense." Raybin, *Tennessee Criminal Practice and Procedure* § 13.35 (1984).

The state makes the following statement in its brief:

[T]he now well-known malfunction of the Metro Police Department's intoximeter was apparently known by officers in the Department, prior to the entry of defendant's guilty plea, and this knowledge was not furnished to defendant in response to his discovery motion pursuant to R. 16, Tenn.R.Crim.P. While there is every reason to believe this oversight was unintentional it was known by officers of the state.

As the state points out, the record shows that members of the police department were aware of the malfunction or tampering of a selection of the machines. The memoranda in question were circulated in October 1989 and April 1990. Appellant did not enter his guilty plea until July 1990. The state was under a continuing duty to disclose the requested discovery. Although members of the police department were clearly aware of the memos, the record does not reveal whether the district attorney general or anyone in his office was aware of the memos. We have recognized that "suppression by police will be imputed to the prosecution...." *Cason v. State,* 503 S.W.2d 206, 208 (Tenn.Crim.App. 1973). With regard to discovery under Rule 16, Tenn.R.Crim.P., there is authority to support the proposition that material in the possession of the police and not in the possession of the district attorney's office is discoverable because the "request is to the State of Tennessee and not only to the files of the prosecuting attorney." Raybin, *Tennessee Criminal Practice and Procedure* § 13.12 (1984); *State v. Fears,* 659 S.W.2d 370, 379 (Tenn.Crim.App.1983).

As noted above, it is asserted that "there is every reason to believe" that the state's failure to provide the exculpatory evidence was unintentional. We do not disagree. But, the failure to provide *Brady* material is a violation of due process irrespective of the good or bad faith of the state. *Brady v. Maryland,* 373 U.S. at 87, 83 S.Ct. at 1196. "If the suppression of evidence results in constitutional error, it is because of the character of the evidence, not the character of the prosecutor." *United States v. Agurs,* 427 U.S. at 110, 96 S.Ct. at 2401.

■ We hold that the state violated the dictates of *Brady* and its progeny by failing to reveal the Department memos. On appeal, the state essentially concedes such. The issue it believes is dispositive in this case is whether the failure to disclose is a proper ground for withdrawing a guilty plea after sentencing but before final judgment. It is this question that the state submits to our discretion without recommendation.

Rule 32, Tenn.R.Crim.P. provides:

**(f) Withdrawal of plea of guilty.** A motion to withdraw a plea of guilty may be made upon a showing by the defendant of any fair and just reason only before sentence is imposed; but *to correct manifest injustice, the court after sentence, but before the judgment becomes final, may set aside the judgment of conviction and permit the defendant to withdraw his plea.* (Emphasis added).

Appellant's attempt to withdraw his guilty plea came after sentencing, but prior to the judgment of conviction becoming final. Thus, such a motion was appropriate under Rule 32 but could be meritorious only "to

correct manifest injustice." The question of whether the state's failure to comply with the discovery requirements of *Brady v. Maryland, supra,* results in a manifest injustice as contemplated by Rule 32(f), has apparently not been addressed in any published opinion of the Tennessee courts.

■ Where there is a voluntary guilty plea, one has no unilateral right to have it withdrawn. Generally, a plea entered into with the full awareness of the direct consequences must stand, unless tainted by the inducement of threat, misrepresentation or impermissible conduct by state agents. *Brady v. United States,* 397 U.S. 742, 90 S.Ct. 1463, 25 L.Ed.2d 747 (1970); *State v. Anderson,* 645 S.W.2d 251 (Tenn.Crim.App. 1982). The plea will not be set aside, however, merely because the defendant experiences a change of heart. *Ray v. State,* 224 Tenn. 164, 451 S.W.2d 854 (1970). We do not have before us a disgruntled appellant, merely dissatisfied with his sentence, but one who sincerely contends that his guilty plea was induced by the state's misrepresentation that it possessed no evidence favorable to his position. The United States Supreme Court has recognized that the decision to plead guilty is often heavily influenced by the defendant's appraisal of the prosecution's case against him. *Brady v. United States, supra.* Although a later apprehension that this appraisal was incorrect does not alone give rise to the right to withdraw a plea, we believe that if the defendant's apprehension at the time of the plea was influenced by a violation of due process, the defendant may very well have such a right.

The Tennessee rule requiring a defendant to exhibit a manifest injustice in order to withdraw a plea was adopted from the similar federal standard which existed prior to a 1983 amendment. See Raybin, *Tennessee Criminal Practice and Procedure* § 22.123 (1984) and Wright, *Federal Practice and Procedure* §§ 537–539 (1982 and 1991 Supp.). Analyzing the federal rule, the Third Circuit held that "[w]here there is a denial of due process, there is a 'manifest injustice' as a matter of law." *United States v. Crusco,* 536 F.2d 21, 26 (3rd Cir. 1976). As we have already noted, a viola-

tion of the requirements found in *Brady v. Maryland, supra,* is a due process violation. 373 U.S. at 87, 83 S.Ct. at 1196.

■ It has long been held that the trial court's decision not to allow a guilty plea to be withdrawn, will be upheld on appeal absent an abuse of discretion. *Henning v. State,* 184 Tenn. 508, 201 S.W.2d 669 (1947); *State v. Haynes,* 696 S.W.2d 26 (Tenn.Crim.App.1985). However, we agree with the federal cases which state that when a constitutional violation is shown, the trial court's discretion under Rule 32 is "strictly curtailed." *United States v. Read,* 778 F.2d 1437, 1441 (9th Cir.1985); *United States v. Crusco,* 536 F.2d at 26. We respectfully believe that the trial court below was overly concerned about the inconsistency which is created when one pleads guilty in open court and then later seeks to withdraw the plea. From our trial experiences, this panel of the Court fully appreciates the judge's concern. Certainly an inconsistency results, but the rules governing the procedure in criminal cases recognize the propriety of guilty plea withdrawals under certain circumstances.

In conclusion, we hold that appellant should be permitted to withdraw his previous plea and proceed to a trial on the merits on the charge against him. Appellant's conviction is reversed, and the case is remanded for further proceedings consistent with this opinion.

WADE and PEAY, JJ., concur.