IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE
AT NASHVILLE
Assigned on Briefs October 1, 2002

## STATE OF TENNESSEE v. KEITH LERANSO WELLS

**Appeal from the Circuit Court for Rutherford County**
**No. F-45319C      James K. Clayton, Jr., Judge**

_____

**No. M2002-00356-CCA-R3-CD - Filed October 22, 2002**

_____

The Defendant, Keith Leranso Wells, was indicted on four counts of especially aggravated robbery, one count of aggravated robbery, and one count of aggravated assault. The Defendant pled guilty to two counts of especially aggravated robbery; the remaining counts were held in abeyance pending resolution of the charges against the Defendant's co-defendants. The Defendant agreed that his sentencing would be delayed until those charges were resolved. Subsequent to entry of the judgments of conviction against the Defendant, but prior to his sentencing, the Defendant requested to withdraw his guilty plea. The trial court denied the Defendant's request and this appeal followed. We affirm the judgment of the trial court.

**Tenn. R. App. P. 3 Appeal as of Right; Judgment of the Trial Court Affirmed**

DAVID H. WELLES, J., delivered the opinion of the court, in which JAMES CURWOOD WITT, JR. and ALAN E. GLENN, JJ., joined.

Guy R. Dotson, Jr., Murfreesboro, Tennessee, for the appellant, Keith Leranso Wells.

Paul G. Summers, Attorney General and Reporter; Peter M. Coughlan, Assistant Attorney General; and William C. Whitesell, Jr., District Attorney General, for the appellee, State of Tennessee.

**OPINION**

Although the record before this Court contains several references to a motion by the Defendant to withdraw his guilty plea, the record does not contain a copy of the motion.[1] It does, however, contain a transcript of the hearing relevant to the Defendant's request, held on June 21, 2001. During this hearing, the Defendant testified that his confession to the police had been coerced and that he was, in fact, innocent of the crimes to which he had pled guilty. The hearing was not

_____

[1]The record contains a copy of a letter from the Defendant to the trial court dated May 1, 2000, in which the Defendant states his desire to withdraw his plea. According to an order entered by the trial court on July 26, 2000, the Defendant apparently withdrew this prior request.

completed on that day, and the transcript indicates that the attorneys on behalf of the parties, with the trial court's agreement, intended to continue the hearing to a future date. Nevertheless, the record contains no transcript of any additional hearing. We note that it is the appellant's duty to prepare an adequate record relevant to the issues on appeal. See Tenn. R. App. P. 24(b); State v. Robinson, 73 S.W.3d 136, 154 (Tenn. Crim. App. 2001).

In August 2001 the trial court entered an order denying the Defendant's request to set aside his guilty plea. This order references a hearing date of July 30, 2001, but further states that "[t]he Defendant relied on information set forth in said Motion[2] and the State . . . relied on Defendant's testimony at the time he entered his plea on November 17, 1998." Thus, it is unclear whether any additional proof was heard on July 30, 2001. The trial court denied the "Motion" on a finding that the Defendant was "not being truthful now and that he did understand what was going on at the time he entered his plea."

In his brief, the Defendant argues that the trial court erred in denying his motion to withdraw his guilty plea, asserting that "the statement that he gave resulted from the coercion of the police questioning him all day and all night in a room, his age and inexperience in dealing with the questioning techniques of the police." The State maintains that the trial court did not err.

Prior to sentencing, a criminal defendant who has pled guilty may be allowed to withdraw his plea "upon a showing by the defendant of any fair and just reason[.]" Tenn. R. Crim. P. 32(f). Thus, as previously noted by this Court, a defendant "is not entitled to withdraw a plea of guilty as a matter of right." State v. Turner, 919 S.W.2d 346, 355 (Tenn. Crim. App. 1995). Moreover, "[t]he plea will not be set aside . . . merely because the defendant experiences a change of heart." State v. Davis, 823 S.W.2d 217, 220 (Tenn. Crim. App. 1991). "Whether the accused should be permitted to withdraw a plea of guilty is a question that is addressed to the sound discretion of the trial court." Turner, 919 S.W.2d at 355. This Court will not overturn the trial court's decision absent a clear abuse of that discretion. See id.

In this case, the trial court made a specific finding of fact that the Defendant's testimony in support of his request was not credible. This Court is in no position to second-guess the trial court's findings with respect to credibility, particularly when the record before us is incomplete. See State v. Oody, 823 S.W.2d 554, 559 (Tenn. Crim. App. 1991) (holding that a trial court's ruling is presumed correct in the absence of an adequate record on appeal). Moreover, we note that the record does contain a transcript of the Defendant's hearing on his plea of guilt, during which occurred the following colloquy between the trial court and the Defendant:

> COURT: Now, why are you entering these two pleas of guilty this morning?
>
> DEFENDANT: Because I'm guilty.

---

[2]As previously noted, the record does not contain a copy of the referenced "Motion."

COURT: Okay. Has anyone forced you or coerced you into entering these pleas?

DEFENDANT: No, sir.

COURT: Do you feel like you're entering them freely and voluntarily?

DEFENDANT: Yes, sir.

Additionally, the Defendant answered the prosecutor as follows:

STATE: Mr. Wells, during the time that this case has been pending, you've had an opportunity to see a videotape where Detective Keisling and you were talking about what happened. You've seen that tape; haven't you?

DEFENDANT: Yes, sir.

STATE: And in that tape you make certain statements about what went on that night and about the people that were involved in this case; didn't you?

DEFENDANT: Yes, sir.

STATE: And were the statements that you made on that tape accurate?

DEFENDANT: Yes, sir.

This testimony supports the trial court's conclusion that the Defendant was not being truthful with respect to his claim of a coerced confession.

Because the Defendant has failed to demonstrate that the trial court abused its discretion in denying his motion to withdraw his guilty plea, we affirm the judgment of the trial court.

_____
DAVID H. WELLES, JUDGE