IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE
AT NASHVILLE
February 16, 2010 Session

**STATE OF TENNESSEE v. SIDNEY TERRELL CASON**

**Appeal from the Criminal Court for Davidson County**
**No. 2006-C-1980      Mark J. Fishburn, Judge**

**No. M2008-02563-CCA-R3-CD - Filed April 6, 2010**

The Defendant, Sidney Terrell Cason, was charged with one count of first degree felony murder, one count of especially aggravated robbery, a Class A felony, two counts of aggravated robbery, a Class B felony, and one count of aggravated kidnapping, a Class B felony. See Tenn. Code Ann. §§ 39-13-403(b), -402(b), -304(b)(1). On August 11, 2008, he pleaded guilty to one count of especially aggravated robbery and one count of second degree murder, a Class A felony. See Tenn. Code Ann. § 39-13-210(c). He was sentenced on that day as a violent offender to concurrent sentences of forty years as a Range II, multiple offender for second degree murder and fifteen years as a Range I, standard offender for especially aggravated robbery, for a total effective sentence of forty years in the Department of Correction. On September 9, 2008, he filed a motion to withdraw his guilty plea. The Criminal Court of Davidson County denied the motion. The Defendant now appeals, contending that this denial was error. After our review, we affirm the judgment of the trial court.

**Tenn. R. App. P. 3 Appeal as of Right; Judgment of the Criminal Court Affirmed**

DAVID H. WELLES, J., delivered the opinion of the Court, in which JERRY L. SMITH and JOHN EVERETT WILLIAMS, JJ., joined.

Manuel B. Russ, Nashville, Tennessee, for the appellant, Sidney Terrell Cason.

Robert E. Cooper, Jr., Attorney General and Reporter; Deshea Dulany Faughn, Assistant Attorney General; Victor S. Johnson, III, District Attorney General; and Rob McGuire, Assistant District Attorney General, for the appellee, State of Tennessee.

# OPINION

## Factual Background

The Defendant testified at the hearing on his motion to withdraw his guilty plea that he was nineteen years old, and had been nineteen years old at the time he entered his plea. He said that he wrote his trial counsel a letter immediately after entering his plea because he was "really scared at the time of trial"; he and trial counsel had been preparing until the day of trial and he felt they were not prepared. He said he and trial counsel had spent only two or three days preparing for trial. On that basis, he asked trial counsel to seek a plea agreement, and agreed to his eventual guilty plea and a sentence of forty years in the Department of Correction. The Defendant confirmed that no new evidence or information had been discovered since the entry of his plea, and he maintained that he felt unprepared for trial even though he and trial counsel had in their possession a DVD containing the recorded trial of one of his co-defendants and, thus, knew all of the evidence that would be presented against him. The trial court denied the Defendant's motion to withdraw his guilty plea. He now appeals.

## Analysis

Our supreme court has explained the standard for reviewing a trial court's denial of a motion to withdraw a guilty plea as follows:

> A defendant does not have a unilateral right to withdraw a plea. Whether a defendant should be permitted to withdraw a plea is a matter addressed to the sound discretion of the trial court, regardless of when the motion is filed. The trial judge "should always exercise his discretion with caution in refusing to set aside a plea of guilty, to the end that one accused of crime may have a fair and impartial trial." "[W]hen a constitutional violation is shown, the trial court's discretion is strictly curtailed." The trial court's decision "will not be reversed unless it clearly appears that there was an abuse of discretion." An abuse of discretion exists if the record lacks substantial evidence to support the trial court's conclusion.

State v. Crowe, 168 S.W.3d 731, 740 (Tenn. 2005) (internal citations omitted).

Before the sentence has been imposed, the trial court may allow a defendant to withdraw a guilty plea for any fair and just reason. See Tenn. R. Crim. P. 32(f)(1). After the sentence has been imposed, but before judgment has become final, the trial court may set aside the judgment of conviction and allow a defendant to withdraw a guilty plea only to correct manifest injustice. See Tenn. R. Crim. P. 32(f)(2).

Our supreme court has noted that "[t]he more demanding standard, 'to correct manifest injustice,' applies to motions which are filed after imposition of sentence. This standard is based 'upon practical considerations important to the proper administration of justice.'" Crowe, 168 S.W.3d at 741 (quoting Kadwell v. United States, 315 F.2d 667, 670 (9th Cir. 1963)).

Although "manifest injustice" is not defined in the rules of criminal procedure, courts have identified on a case-by-case basis circumstances that meet the manifest injustice standard necessary for withdrawal of a plea. See State v. Turner, 919 S.W.2d 346, 355 (Tenn. Crim. App. 1995). Our supreme court has held that withdrawal of a guilty plea to correct manifest injustice is warranted where: (1) the plea was entered through a misunderstanding as to its effect, or through fear and fraud, or where it was not made voluntarily; (2) the prosecution failed to disclose exculpatory evidence as required by Brady v. Maryland, 373 U.S. 83, 83 (1963), and this failure to disclose influenced the entry of the plea; (3) the plea was not knowingly, voluntarily, and understandingly entered; or (4) the defendant was denied the effective assistance of counsel in connection with the entry of the plea. See Crowe, 168 S.W.3d at 742. Additionally, "[w]here there is a denial of due process, there is a manifest injustice as a matter of law." State v. Davis, 823 S.W.2d 217, 220 (Tenn. Crim. App.1991).

The trial court denied the Defendant's motion based on its finding that nothing more had occurred than that the Defendant's "mind [had] changed." A guilty plea cannot be withdrawn merely because of a defendant's "change of heart." Turner, 919 S.W.2d at 355.

The Defendant contends that his plea was not entered knowingly and voluntarily because he felt he was not properly represented and was unprepared for trial. "[T]he determination of whether a plea was entered voluntarily and knowingly is made based on the totality of the circumstances." See Turner, 919 S.W.2d at 353. Only the Defendant's testimony at his motion to withdraw contains assertions that he was poorly represented and unprepared; the trial court obviously did not credit this testimony, instead relying on what transpired at the Defendant's plea hearing. Having reviewed that hearing, we confirm that the Defendant expressed his satisfaction with trial counsel's representation, and said he had resolved any issues he had previously experienced with trial counsel.

The Defendant also notes that

a court charged with determining whether those pleas were "voluntary" and "intelligent" must look to various circumstantial factors, such as the relative intelligence of the defendant; the degree of his familiarity with criminal proceedings; whether he was represented by competent counsel and had the

opportunity to confer with counsel about the options available to him; the extent of advice from counsel and the court concerning the charges against him; and the reasons for his decision to plead guilty, including a desire to avoid a greater penalty that might result from a jury trial.

Blankenship v. State, 858 S.W.2d 897, 904 (Tenn. 1993) (citing Caudill v. Jago, 747 F.2d 1046, 1052 (6th Cir. 1984)).  The Defendant argues that the trial court failed to evaluate his relative intelligence and his degree of familiarity with criminal proceedings.  We disagree.  At the Defendant's plea acceptance hearing, the trial court inquired as to his level of education, literacy, and his ability to understand his plea and the proceedings at the hearing.  The trial court also extensively explained the legal implications of the Defendant's plea, and confirmed with him that trial counsel had explained the plea process, the elements of the crimes with which he was charged, and the consequences of his guilty plea.  The trial court did not abuse its discretion in holding that the Defendant did not demonstrate that a manifest injustice occurred when the Defendant entered his guilty plea.

The Defendant also argues that the trial court erred in applying a due process violation standard to the issue of whether he entered his plea knowingly and voluntarily.  See Jonathan Keith Price v. State, No. M2007-02434-CCA-R3-PC, 2008 WL 4414739, at *5 (Tenn. Crim. App., Nashville, Sept. 29, 2008) (noting that "a trial court may, under some circumstances, permit the withdrawal of a guilty plea to prevent manifest injustice even though the plea meets the 'voluntary and knowing' requirements of constitutional due process.").  Although the trial court mentioned that the two standards are similar, it clearly stated that it did not "see anything that is before the [c]ourt here today that suggests that there was any manifest injustice . . . ."  The Defendant is not entitled to relief on this issue.

## Conclusion

Based on the foregoing authorities and reasoning, we affirm the trial court's denial of the Defendant's motion to withdraw his guilty plea.

_____
DAVID H. WELLES, JUDGE

-4-