FILED

06/09/2017

Clerk of the
Appellate Courts



IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE
AT JACKSON

Assigned on Briefs January 5, 2017

## STATE OF TENNESSEE v. GARY CARR

**Appeal from the Criminal Court for Shelby County**
No. 96-02206      Lee V. Coffee, Judge

_____

### No. W2016-01525-CCA-R3-CD

_____

On March 13, 1998, the petitioner, Gary Carr, entered a guilty plea to first-degree murder and received a sentence of life without parole. He did not file any post-judgment appeals. Eighteen years later, the petitioner, acting pro se, filed a motion entitled "Motion for Nunc Pro Tunc Order," alleging, inter alia, that his conviction should be set aside and a new trial ordered because (1) the court clerk failed to enter or stamp-file his judgment of conviction in accordance with Tennessee Rule of Criminal Procedure 32(e); and (2) he entered an unknowing and involuntary guilty plea based on threats that he would receive the death penalty. The Shelby County Criminal Court summarily dismissed his motion, and the petitioner now appeals. Upon review, we affirm the judgment of the trial court.

### Tenn. R. App. P. 3 Appeal as of Right; Judgment of the Criminal Court Affirmed

CAMILLE R. MCMULLEN, J., delivered the opinion of the court, in which JOHN EVERETT WILLIAMS and ALAN E. GLENN, JJ., joined.

Gary Carr, Mountain City, Tennessee, pro se.

Herbert H. Slatery III, Attorney General and Reporter; Katherine C. Redding, Assistant Attorney General; Amy P. Weirich, District Attorney General; and Alanda Dwyer, Assistant District Attorney General, for the Appellee, State of Tennessee.

### OPINION

On June 14, 2016, the petitioner filed a document entitled, "Motion for Nu[n]c Pro Tunc Order," alleging that the "criminal court clerk failed to enter the judgment within accordance of Tennessee Rule of Criminal Procedure 32(e)." The motion sought to set aside his judgment of conviction and order a new trial because "the judge that heard the evidence and sentenced the defendant is the only one that can enter an order nunc pro

tunc." On June 27, 2016, the trial court entered a ten-page, detailed order summarily dismissing the petitioner's motion. Because of the unorthodox nature of the filing, the trial court interpreted it as a motion to withdraw the petitioner's guilty plea and as a petition for post-conviction relief. Interpreting the motion as a motion to withdraw his guilty plea, the trial court determined that the petitioner's guilty plea was "knowingly, voluntarily, and intelligently entered" and that the petitioner understood his rights before entering his guilty plea. The trial court further determined that the original trial court followed the "mandates of Rule 11 of the Tennessee Rules of Criminal Procedure and applicable state and federal law," and that the petitioner failed to show any "manifest injustice" that would allow the withdrawal of his guilty plea. Alternatively, interpreting the motion as a petition for post-conviction relief, the trial court determined that the petition was barred by the statute of limitations and that the petitioner failed to "offer any due process grounds" to support waiver of the limitations period. It is from this order that the petitioner now timely appeals.

## ANAYLSIS

On appeal, the petitioner argues that the trial court erred in denying his motion because the criminal court clerk failed to enter his 1998 judgment pursuant to Tennessee Rule of Criminal Procedure 32(e). As we understand his argument, the petitioner claims his judgment of conviction should be set aside and a new trial ordered because his judgment form was not stamp-filed or "endorsed" by the clerk's office. For the first time on appeal, the petitioner also argues that his guilty plea was unknowing and involuntary based on threats he would receive the death penalty and that his sentence was unlawfully imposed. The State argues that the petitioner's judgment of conviction became final on April 13, 1998, and that the trial court found that the judgment was properly filed. The State also contends that the trial court properly denied the petitioner's motion as a motion to withdraw his guilty plea or as a petition for post-conviction relief. Upon review, we agree with the State.

The petitioner claims that his conviction should be set aside because the court clerk failed to properly enter his 1998 judgment pursuant to Tennessee Rule of Criminal Procedure 32(e). Rule 32(e) governs judgments and provides as follows:

> (1) <u>Signed and Entered</u>. A judgment of conviction shall be signed by the judge and entered by the clerk.

> (2) <u>Content of Judgment of Conviction</u>. A judgment of conviction shall include:
>      (A) the plea;
>      (B) the verdict or findings; and

> (C) the adjudication and sentence.
>
> (3) <u>Judgment of Not Guilty or Discharge</u>.  If the defendant is found   not guilty or for any other reason is entitled to be discharged, the  court     shall enter judgment accordingly.

<u>See</u> Tenn. R. Crim. P. 32(e).   In addition, Tennessee Code Annotated section 40-35-209(e)(1) provides as follows:

> After the defendant is sentenced, the district attorney general shall complete and file within thirty (30) days the uniform judgment document for the conviction that is signed by all parties; but if not signed by the parties, the clerk shall make a copy of the document available to the parties before entry by the court, . . .

<u>See</u> T.C.A. § 40-35-209(e)(1).

Our review of the record reveals what appears to be several copies of the judgment of conviction in the petitioner's case.  The petitioner correctly observes that the judgment forms do not show a "file-stamped" date by the clerk's office.  We also acknowledge that <u>State v. Kenny Kimble</u>, relied upon by the petitioner in his brief, stands for the proposition that the date the uniform judgment document was filed with the court clerk generally determines the date the order of sentence was entered.  No. W2012-00407-CCA-R3-CD, 2013 WL 3795949, at *2-3 (Tenn. Crim. App. July 22, 2013).  However, the petitioner misapprehends <u>Kenny Kimble</u>, and we find it inapplicable to his case.

This court has repeatedly held that the time period for certain filings begins to run from the date the uniform judgment document is stamp filed with the court clerk.  <u>See</u> <u>State v. Stephens</u>, 264 S.W.3d 719, 730 (Tenn. Crim. App. 2007); <u>Graham v. State</u>, 90 S.W.3d 687, 689 (Tenn. 2002) (petitioner's appeal was timely filed because it "was filed within ten days of the date the trial court's order denying the motion to reopen was filed with the clerk" rather than when it was signed by the trial court.); <u>State v. Willie Norman</u>, No. W2003-02067-CCA-R3-CD, 2004 WL 2255253, at *5 (Tenn. Crim. App. Oct. 7, 2004) (defendant's notice of appeal was timely filed because it was filed within thirty days of the date in which the judgment was filed with the clerk.); <u>State v. Martin Boyce</u>, No. W2012-00887-CCA-R3-CD, 2013 WL 4027244, at *7-9 (Tenn. Crim. App. Aug. 6, 2013) ("Absent a 'stamp-filed' judgment, we are unable to conclude that Defendant's motion for new trial was not timely filed."); <u>State v. Tevin Dominique Lumpkin</u>, No. W2014-01064-CCA-R3-CD, 2016 WL 520535, at *7 (Tenn. Crim. App. Feb. 9, 2016).  To be clear, the file-stamped date is significant for the sole purpose of determining the timeliness of certain filings such as a motion for new trial.

Because there is no file-stamp date on his judgment form, the petitioner argues that his conviction was never filed and should be set aside. We disagree. As an initial matter, we are unclear of the origin of the judgment forms in the record. Because they are included in the record, we presume at some point they were received by the clerk's office but not properly file-stamped. At most, this amounts to a clerical error. In any event, a failure to comply with Rule 32(e) does not require a conviction to be set aside. Here, the judgment form contains the signatures of the trial court judge, the prosecutor, defense counsel, and the petitioner. The judgment form also contains the relevant information concerning the conviction offense and sentence, which the petitioner does not challenge as erroneous. The section on the form entitled "Date of Entry of Judgment" is listed as March 13, 1998. The trial court determined that the judgment form was entered on the record and into the minutes of the court. The record does not preponderate against the trial court's findings. The petitioner is not entitled to relief on this issue.

Next, the petitioner argues that the trial court erred in summarily dismissing his motion to withdraw his guilty plea. He claims he is entitled to withdraw his guilty plea to correct "manifest injustice" because his guilty plea was not knowingly, voluntarily, or intelligently entered. See Tenn. R. Crim. P. 32(f). Specifically, he argues that he was "threatened with the fact that if he didn't plead guilty that he would receive the death penalty." As we understand his claim, the petitioner argues he received "ineffective assistance of counsel" as a result of the "misrepresentations of the facts and the law concerning these proceedings." The State argues that the judgment of conviction became final on April 13, 1998, and that "[e]ven if there were no final judgment of conviction, the trial court properly dismissed the defendant's motion because he failed to allege that withdrawal of his plea was necessary to correct manifest injustice."

This court reviews a trial court's decision regarding a motion to withdraw a guilty plea for an abuse of discretion. State v. Phelps, 329 S.W.3d 436, 443 (Tenn. 2010) (citing State v. Crowe, 168 S.W.3d 731, 740 (Tenn. 2005)). "A trial court abuses its discretion when it applies incorrect legal standards, reaches an illogical conclusion, bases its ruling on a clearly erroneous assessment of the proof, or applies reasoning that causes an injustice to the complaining party." Id. (citing State v. Jordan, 325 S.W.3d 1, 38-40 (Tenn. 2010)). A trial court's discretion is "strictly curtailed" when a constitutional violation is established, such as the denial of due process. State v. Mellon, 118 S.W.3d 340, 346 (Tenn. 2003) (citing State v. Davis, 823 S.W.2d 217, 220 (Tenn. Crim. App. 1991)).

We can dispense with this issue in short order because the petitioner failed to include a copy of the transcript from his guilty plea hearing in the record on appeal. This

is significant because the guilty plea colloquy is germane to the resolution of the issues upon which the petitioner seeks relief. As such, the omission of the transcript from the guilty plea hearing precludes our review of this issue. <u>See</u> Tenn. R. App. P. 24(b) (stating that the appellant has a duty to prepare a record that conveys "a fair, accurate and complete account of what transpired with respect to those issues that are the bases of appeal"); <u>Vermilye v. State</u>, 584 S.W.2d 226, 230 (Tenn. Crim. App. 1979). Moreover, the trial court reviewed the transcript from guilty plea colloquy and denied relief, in part, concluding that the original trial court "followed the mandates of Rule 11 of the Tennessee Rules of Criminal Procedure and applicable state and federal law." The trial court specifically noted that the petitioner answered each of the original trial court's questions affirmatively. Because the petitioner has failed to provide this court with an adequate record for our review, the determination of the trial court must be presumed correct. He is not entitled to relief.

## CONCLUSION

Upon review, we affirm the judgment of the trial court.

_____
CAMILLE R. McMULLEN, JUDGE

- 5 -