IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE
AT KNOXVILLE
Assigned on Briefs July 24, 2019

**STATE OF TENNESSEE V. RICKY JAN STEVISON**

**Appeal from the Criminal Court for Bradley County**
**No. 17CR97  Sandra Donaghy, Judge**

_____

**No. E2018-01832-CCA-R3-CD**
_____

CAMILLE R. MCMULLEN, J., dissenting.

I respectfully dissent from the conclusion reached by the majority affirming the trial court's denial of the Defendant's motion to withdraw his guilty plea. Based on my review of the record, the Defendant's guilty pleas were not knowingly, voluntarily, and understandingly entered as to their effect and consequences. Accordingly, I would have concluded that the trial court erred by denying his motion to withdraw the guilty plea.

I agree with the well-established abuse of discretion standard of review for withdrawal of a guilty plea as set out by the majority in this case. In addition, I emphasize the portion of our law which provides that "[t]he trial judge 'should always exercise [her] discretion <u>with caution</u> in refusing to set aside a plea of guilty, to the end that one accused of crime may have a fair and impartial trial[.]'" <u>See</u> <u>State v. Phelps</u>, 329 S.W.3d 436, 448 (Tenn. 2010) (quoting <u>Henning v. State</u>, 201 S.W.2d 669, 671 (Tenn. 1947)). "[W]hen a constitutional violation is shown, the trial court's discretion is 'strictly curtailed.'" <u>State v. Crowe</u>, 168 S.W.3d 731, 740 (Tenn. 2005) (quoting <u>State v. Davis</u>, 823 S.W.2d 217, 220 (Tenn. Crim. App. 1991)); <u>State v. Mellon</u>, 118 S.W.3d 340, 346 (Tenn. 2003). "An abuse of discretion exists if the record lacks substantial evidence to support the trial court's conclusion." <u>Crowe</u>, 168 S.W.3d at 740 (internal citations omitted). Finally, it is helpful to remember that "[t]he purpose of the 'any fair and just reason' standard [as applicable to this case] 'is to allow a hastily entered plea made with <u>unsure heart and confused mind</u> to be undone.'" <u>Phelps</u>, 329 S.W.3d at 448 (citing <u>United States v. Alexander</u>, 948 F.2d 1002, 1004 (6th Cir. 1991) (emphasis in original) and <u>United States v. Ellis</u>, 470 F.3d 275, 281 (6th Cir. 2006) ("Withdrawal of a plea is appropriate where there is a real confusion or misunderstanding of the terms of the agreement.")).

One of the fundamental requirements for a plea of guilty to comport with constitutional principles is that the accused enter the plea knowingly and voluntarily. Boykin v. Alabama, 395 U.S. 238, 242 (1969). If a plea is not knowing and voluntary, then due process has been denied. Mellon, 118 S.W.3d at 345 (citing McCarthy v. United States, 394 U.S. 459, 466 (1969)). Since Santobello v. New York, 404 U.S. 257, (1971), Tennessee courts have held that where the State breached a plea agreement, or some other infirmity occurred that was not caused by the defendant, but which invalidated the agreement, the remedy for breach was to allow the defendant to choose either specific performance or withdrawal of the plea. Id. at 346 (internal citations omitted).

Here, the record shows that within thirty days of entering a plea of guilty, the Defendant moved to withdraw his guilty plea. In his amended motion to withdraw, the Defendant averred that during plea negotiations, he was told that in exchange for his guilty plea in criminal court, the corresponding civil case filed by the family of the alleged victim would be dismissed. He asserted further that he agreed to plead guilty on the promise that the corresponding civil case would be dismissed and only sought to withdraw his plea upon learning that the civil suit would not be dismissed. He explicitly stated that he relied upon a false promise in pleading guilty and thus did not enter a knowing and voluntary guilty plea.

At the hearing on the motion to withdraw, defense counsel who represented the Defendant at the guilty plea stage testified, among other things, that he explicitly told the Defendant that the related civil suit would be dismissed upon entry of the guilty plea to the criminal matter. Defense counsel's testimony was corroborated by two other witnesses, and based on cross-examination, the State confirmed that such discussions took place. The bulk of the trial court's oral ruling, however, was limited to recounting the guilty plea colloquy. The trial court observed further that (1) the Defendant was not credible in his testimony that the civil case was important; (2) there was no mention of a civil suit during the guilty plea colloquy; and (3) defense counsel did not talk to counsel representing the victim in the civil case. Although the trial court said that there was "sloppy" work on the part of everyone involved with the guilty plea, the trial court nevertheless denied the Defendant's motion to withdraw reasoning that "there was unjust reliance on any of those negotiations[.]"

I would conclude that the trial court abused its discretion in denying the Defendant's motion to withdraw. Significantly, the trial court did not engage in any

analysis of the voluntariness of the Defendant's guilty plea given defense counsel's undisputed testimony that he advised the Defendant that the civil suit would be dismissed contingent upon the Defendant's entry of a guilty plea to the criminal case. Based on defense counsel's undisputed testimony, the Defendant established that his guilty plea was not knowingly and voluntarily entered. This evidence certainly provides a fair and just reason for withdrawing his guilty plea. The majority appears constrained to uphold the determination of the trial court because the trial court applied several of the enumerated Phelps factors. However, touching upon a few of the Phelps factors, as the trial court did in this case, does not obviate the need to evaluate whether the Defendant's guilty plea was knowingly and voluntarily entered in light of defense counsel's erroneous advice about the corresponding civil case. Accordingly, I would have reversed the judgment of the trial court, granted the Defendant's motion to withdraw his guilty plea, and remanded this matter for further proceedings.

_____
CAMILLE R. McMULLEN, JUDGE