IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE
AT JACKSON

Assigned on Briefs May 6, 2025

### STATE OF TENNESSEE V. TOBARUS BURTON

**Appeal from the Criminal Court for Shelby County**
**No. 21-03503    Carolyn W. Blackett, Judge**

——————————————————

### No. W2024-01320-CCA-R3-CD

——————————————————

The Defendant, Tobarus Burton, pleaded guilty in the Shelby County Criminal Court to one count of aggravated sexual battery.  *See* Tenn. Code Ann. § 39-13-504.  He received an agreed eight-year sentence to be served in the Tennessee Department of Correction.  The Defendant subsequently filed a motion to withdraw his guilty plea pursuant to Tennessee Rule of Criminal Procedure 32(f), which was denied by the trial court.  On appeal, the Defendant argues that the trial court abused its discretion in denying his motion to withdraw his plea.  Discerning no abuse of discretion, we affirm the judgment of the trial court.

**Tenn. R. App. P. 3 Appeal as of Right; Judgment of the Criminal Court Affirmed**

STEVEN W. SWORD, J., delivered the opinion of the court, in which ROBERT L. HOLLOWAY, JR., and JILL BARTEE AYERS, JJ., joined.

John Patrick McNeil, (on appeal and at motion to withdraw plea hearing); and Eric Mogy and Michael Campbell (at guilty plea hearing), Memphis, Tennessee, for the appellant, Tobarus Burton.

Jonathan Skrmetti, Attorney General and Reporter; Caroline Weldon, Assistant Attorney General; Steve Mulroy, District Attorney General; and Dru Carpenter, Assistant District Attorney General, for the appellee, State of Tennessee.

### OPINION

On December 9, 2021, the Defendant was indicted for rape of a child, aggravated sexual battery, rape, statutory rape by an authority figure, and sexual battery by an authority figure.  The Defendant retained counsel and co-counsel.  A trial date was scheduled for March 4, 2024.  However, the Defendant reached an agreement with the State before trial

to enter an *Alford*[1] plea to one count of aggravated sexual battery with an agreed eight-year sentence. Twenty-seven days later, he filed a motion to withdraw the plea. The trial court denied the motion after a hearing. It is from this ruling the Defendant now appeals.

## I. FACTUAL AND PROCEDURAL HISTORY

On February 9, 2024, the Defendant appeared in court for a pre-trial status hearing. Counsel for the Defendant (herein "trial counsel") informed the court that the Defendant would be entering a best interest plea. The State announced that in exchange for the Defendant's pleading guilty to one count of aggravated sexual battery, registering as a sex offender, and compliance with community supervision for the balance of his life, the State agreed to dismiss (or nolle prosequi) the remaining counts of the December 9, 2021 indictment. The State also announced that the parties had agreed to recommend an eight-year sentence to serve in the Tennessee Department of Correction at a 100% service rate.

The State informed the court that proof at trial would have shown that the victim, K.S.,[2] was the thirteen-year-old daughter of the Defendant's girlfriend. On May 17, 2021, K.S. ran away from home with her younger sister. After returning home, she reported that the Defendant had sexually abused her since she was six years old. During a forensic interview, she disclosed the Defendant "touched her vagina with his hand," "put his penis in her mouth," and "put his penis in her vagina on multiple occasions." Trial counsel informed the court that the plea was pursuant to *Alford* and that the Defendant maintained his innocence.

The trial court placed the Defendant under oath and conducted a plea colloquy. The Defendant informed the court that he was thirty-three years old and had been in custody for twenty-six months. He obtained his GED and completed some course work in community college. The Defendant maintained his innocence and denied that the facts recited by the State were true. The trial court then asked if he understood that even if the claimed facts were not true, he was pleading to aggravated sexual battery and would receive a sentence of eight years to serve at 100%. He replied, "Yes, Your Honor."

The Defendant further acknowledged that he understood that he waived his rights to trial by jury, to testify, and to confront witnesses if the court accepted his guilty plea.

---

[1] The Defendant's plea was entered pursuant to *North Carolina v. Alford*, 400 U.S. 25, 91 S.Ct. 160, 27 L.Ed.2d 162 (1970) as a nolo contendere plea in accordance with Tennessee Rule of Criminal Procedure 11(a)(2). An *Alford* plea has the same effect as a plea of guilty. *State v. Albright*, 564 S.W.3d 809, 818 (Tenn. 2018) (citing *Alford*, 400 U.S. at 35 n.8). For simplicity, this court will refer to the plea as a "guilty plea."

[2] It is the practice of this court to refer to minor victims by their initials to protect their privacy.

Once again, he stated that he understood he would be serving the eight-year sentence in custody. The Defendant indicated that his guilty plea was voluntary and that no one had made any promises, threats, or tried to force him to enter the guilty plea. The trial court then asked if he was satisfied with trial counsel, and the Defendant replied, "Yes, Your Honor." The trial court next asked if he had any questions for trial counsel and the Defendant answered, "No." Finally, the trial court asked, "And you do want to go forward with the guilty plea at this time; is that correct?" The Defendant answered, "Yes, Your Honor." The court then accepted the guilty plea and entered judgment.

Twenty-seven days later, on March 7, 2024, the Defendant, through motion counsel (herein "new counsel"), filed a Motion to Set Aside Guilty Plea pursuant to Tennessee Rule of Criminal Procedure 32(f). He raised the following claims in his written motion: (1) that the Defendant "was confused as to what he was pleading to and the [e]ffects of the plea," (2) that his trial counsel did not provide effective representation, or in the alternative, and (3) that the State knew of evidence it failed to produce in violation of *Brady v. Maryland*.[3] He further alleged that these failures left him with "no real option other tha[n] to accept a plea he did not want."

On August 13, 2024, the trial court conducted a hearing on the motion to withdraw the guilty plea. The Defendant testified that he filed the motion to withdraw because he "wanted to take back a rash decision that [he] deeply regretted making." He stated that prior to the status hearing on February 9, 2021, he had received a ten-year plea offer which he did not want to accept.

On the day of the status hearing, counsel informed the Defendant that the ten-year offer was "still on the table." The Defendant reiterated that he did not want to accept this offer. Trial counsel asked the court for some time to speak with the Defendant, and they had further conversation. During this consultation, trial counsel discussed with the Defendant that the victim's mother was going to testify against him and that he did not have a defense. Trial counsel wanted to have further conversation with the State about a plea offer. The Defendant testified that he told trial counsel to "see what they say." Trial counsel returned to the Defendant after speaking with the prosecutor and said, "I got you the eight."

When asked why he accepted the eight-year offer, the Defendant stated, "It was more so the fact that I felt like they [were not] really willing to fight for me. And I … just didn't feel comfortable taking lawyers to trial that [were not] willing to fight for me." He also stated that he did not know if his family could afford another lawyer, and because he

---

[3] *Brady v. Maryland*, 373 U.S. 83; 83 S.Ct. 1194; 10 L.Ed.2d 215 (1963).

was "afraid" of being represented by a public defender, he "felt like that was the next best thing, [to] do the *Alford* plea." When asked when he decided he had made a mistake, he answered, "As soon as I walked back through those doors and went in that holding tank. I was sick to my stomach."

During cross-examination, the Defendant acknowledged that he was not forced to enter the *Alford* plea, but felt "kind of pressured in a way, I mean weighing out my options." He agreed that he testified during the plea colloquy that he understood that he waived his right to a trial by jury by pleading guilty. He also agreed that he testified that no one had made any promises, threats, or otherwise attempted to force him to plead guilty. The Defendant testified during redirect examination that he only spoke with trial counsel for about five minutes before deciding to accept the offer.

Trial counsel testified that the original offer was twelve years to serve but was reduced to ten at some point. He briefly spoke with the Defendant prior to the status hearing on February 9, 2021. After that discussion, he approached the State to see if he could get a better offer. The State agreed to further reduce the offer to eight years to serve. Trial counsel then discussed the new offer with the Defendant and explained his potential exposure if he went to trial. He told the Defendant that if he was convicted at trial, he would receive a sentence of between twenty-five and forty years.

Trial counsel testified that he further explained to the Defendant that he could reject the offer and proceed to trial on the upcoming trial date. The Defendant told him he "didn't want to take that risk" and he wanted to accept the offer. He further stated to his attorney that he believed accepting the offer "was the quickest way to get home."

Trial counsel reviewed the plea paperwork with the Defendant, and they both signed the paperwork. Trial counsel testified that the Defendant never indicated that he did not want to accept the offer. To the contrary, he recalled that the Defendant "was actually excited about getting the lower offer."

After the testimony was received, motion counsel argued that the Defendant should be permitted to withdraw his plea to correct manifest injustice. The bases of his claim were that the Defendant had maintained his innocence, turned down previous offers, and felt pressured to accept the latest offer due to the limited time he had to consider it after learning that the victim's mother would likely testify against him. He also emphasized the Defendant realized he made a mistake as soon as he left the courtroom.

The State responded that there was no manifest injustice to correct. The Defendant indicated on multiple occasions during the plea colloquy that his plea was voluntary. He

also admitted that his attorney explained his options and the possible repercussions of going to trial. Trial counsel testified that they would be ready for trial, but the Defendant did not want to run the risk of a higher sentence if convicted at trial and accepted the eight-year offer. The State concluded by saying that the Defendant simply had "buyer's remorse."

At the conclusion of the hearing, the trial court found that the Defendant failed to establish a need to correct a manifest injustice by withdrawing the plea. The court stated:

> But in order to meet the test to withdraw the guilty plea, the manifest injustice, I do not think it has been met today. Especially with the testimony about the guilty plea. Especially with the fact that you went from [twelve] to ten to eight and you did it knowingly, voluntarily. You were not on any drugs or anything and on top of that this court did not even require you to admit to the facts. There were other charges that you were charged with that were even[,] as far as the court is concerned[,] more serious than the ones that you pled guilty to.

The court concluded that based upon the totality of the circumstances, the evidence presented, and the arguments to the court, the motion to withdraw the guilty plea should be denied. The Defendant filed a timely notice of appeal on August 29, 2024.

## II.    ANALYSIS

In this appeal, the Defendant raises the single issue of whether the trial court abused its discretion in denying his motion to withdraw his guilty plea. Specifically, the Defendant claims that manifest injustice occurred when he entered his guilty plea due to his belief that his attorneys were not prepared for trial and that he was placed in an inherently coercive situation without the opportunity to consider his options resulting in a plea decision based on fear. The State responds that the record supports the trial court's denial of the motion. We respectfully agree with the State.

### STANDARD OF REVIEW

A trial court's disposition regarding a motion to withdraw a guilty plea is reviewed for an abuse of discretion. *State v. Phelps*, 329 S.W.3d 436, 443 (Tenn. 2010) (citing *State v. Crowe*, 168 S.W.3d 731, 740 (Tenn. 2005)). An abuse of discretion occurs when a trial court "applies incorrect legal standards, reaches an illogical conclusion, bases its ruling on a clearly erroneous assessment of the proof, or applies reasoning that causes an injustice to the complaining party." *Id*. (citing *State v. Jordan*, 325 S.W.3d 1, 38-40 (Tenn. 2010)). A reviewing court will not find an abuse of discretion unless there is no substantial evidence

to support the trial court's conclusion. *Crowe*, 168 S.W.3d at 740; *Goosby v. State*, 917 S.W.2d 700, 705 (Tenn. Crim. App. 1995); *State v. Grear*, 568 S.W.2d 285, 286 (Tenn. 1978).

WITHDRAWAL OF GUILTY PLEA

Tennessee Rule of Criminal Procedure 32(f) provides that a trial court may grant a defendant's motion to withdraw his or her guilty plea under two scenarios. If the defendant files a motion to withdraw a guilty plea before the sentence is imposed, then the trial court may grant the motion "for any fair and just reason." Tenn. R. Crim. P. 32(f)(1). However, if the defendant files a motion to withdraw after the sentence is imposed but before the judgment becomes final, the trial court may only permit the withdrawal of the guilty plea "to correct manifest injustice." Tenn. R. Crim. P. 32(f)(2).

The Defendant in this case pled guilty on February 9, 2024, and sentence was imposed on the same date. "[A] judgment of conviction entered upon a guilty plea becomes final thirty days after the acceptance of the plea agreement and imposition of sentence." *State v. Green*, 106 S.W.3d 646, 650 (Tenn. 2003). The Defendant's motion to withdraw his guilty plea was filed March 7, 2024, twenty-seven days after he pled guilty. Although sentence had been entered, judgment had not yet become final when he filed his motion. Therefore, the trial court could only permit the withdrawal of the plea to correct manifest injustice. This more demanding standard is based upon practical considerations of the administration of justice including the need for finality and avoiding judicial inefficiency in conducting fruitless sentencing hearings. *Crowe*, 168 S.W.3d at 741 (citing *Kadwell v. United States*, 315 F.2d 667, 670 (9th Cir. 1963)).

Rule 32(f) does not define manifest injustice, so trial courts and appellate courts must make a case-by-case determination whether manifest injustice has occurred. *State v. Turner*, 919 S.W.2d 346, 355 (Tenn. Crim. App. 1995). However, the Tennessee Supreme Court has determined that manifest injustice may occur when:

> (1) the plea "was entered through a misunderstanding as to its effect, or through fear and fraud, or where it was not made voluntarily"; (2) the prosecution failed to disclose exculpatory evidence as required by *Brady v. Maryland*, 373 U.S. 83 [83 S.Ct. 1194, 10 L.Ed.2d 215] (1963), and this failure to disclose influenced the entry of the plea; (3) the plea was not knowingly, voluntarily, and understandingly entered; and (4) the defendant was denied the effective assistance of counsel in connection with the entry of the plea. *Crowe*, 168 S.W.3d at 742. A defendant bears the burden of establishing sufficient grounds for withdrawing his plea.

- 6 -

*Turner*, 919 S.W.2d at 355.

In this case, the Defendant made three claims in his original motion to set aside his guilty plea in support of his argument that manifest injustice had occurred: (1) he was confused about the nature and consequences of his plea, (2) he received ineffective assistance of counsel, and (3) the State violated *Brady v. Maryland*. At the hearing to withdraw his guilty plea, the Defendant's argument centered on his belief that his acceptance of the State's plea offer was a "rash decision" made under time constraints, due to his belief that trial counsel was unprepared for trial, and that he was concerned about the victim's mother's testimony. The trial court concluded that the Defendant's plea was voluntarily and knowingly entered, emphasizing the Defendant's testimony to that effect from the guilty plea submission hearing. On appeal, the Defendant maintains that his guilty plea was the result of "an inherently coercive situation" and was a decision made "based on fear" and "without opportunity to consider his options."

Though the Defendant does not clearly specify which category of manifest injustice has occurred in this situation, we view his claim as one of involuntariness, as did the trial court. Inasmuch as he intends to simultaneously allege that he was denied the effective assistance of counsel in the entry of his plea, we conclude that such an argument is waived; beyond a conclusory reference to his fears that trial counsel was unprepared to try his case, he points to nothing in the record to substantiate a claim of trial counsel's deficient performance or any prejudice resulting therefrom as required by *Strickland v. Washington*, 466 U.S. 668, 686 (1984). *See* Tenn. R. App. P. 27(a)(7) (requiring the appellant's brief to set forth "the contentions of the appellant with respect to the issues presented, and the reasons therefor, including the reasons why the contentions require appellate relief, with citations to the authorities and appropriate references to the record (which may be quoted verbatim) relied on."); Tenn. R. Ct. Crim. App. 10(b) ("Issues which are not supported by argument, citation to authorities, or appropriate references to the record will be treated as waived in this court."). Regardless, we note that when the trial court asked the Defendant at the guilty plea submission hearing whether he was satisfied with trial counsel, he testified that he was and indicated that he had no questions for them. Additionally, the Defendant made no argument regarding his claim of evidence which the State withheld in violation of *Brady v. Maryland* either at the hearing or in his appellate brief, so it, too, is waived.

It is a fundamental requirement of constitutional due process that a guilty plea be knowingly and voluntarily entered. *Boykin v. Alabama*, 395 U.S. 238, 242, 89 S.Ct. 1709, 23 L.Ed.2d 274 (1969); *State v. Wilson*, 31 S.W.3d 189, 194 (Tenn. 2000); *State v. Mackey*, 553 S.W.2d 337, 340 (Tenn.1977), *superseded on other grounds*. This applies to *Alford* or nolo contendere pleas, as well. *Teague v. State*, 772 S.W.2d 932, 943 (Tenn. Crim. App. 1988). As the Supreme Court has stated, "[t]he standard was and remains whether the plea

represents a voluntary and intelligent choice among the alternative courses of action open to the defendant." *North Carolina v. Alford*, 400 U.S. 25, 31, 91 S.Ct. 160, 164, 27 L.Ed.2d 162, 168 (1970). "[A] plea is not voluntary if it is the product of '[i]gnorance, incomprehension, coercion, terror, inducements, [o]r subtle or blatant threats'". *Blakenship v. State*, 858 S.W.2d 897, 904 (Tenn. 1993) (quoting *Boykin*, 395 U.S. at 242-243).

Trial courts and appellate courts must consider all relevant circumstances that existed at the time a plea was entered when determining if a plea was voluntary. *Turner*, 919 S.W.2d at 353. Some factors a court may consider are: (1) the relative intelligence of the defendant; (2) the defendant's familiarity with criminal proceedings; (3) whether the defendant was represented by competent counsel and had the opportunity to confer with counsel about available options; (4) the advice of counsel and the court about the charges against the defendant; and (5) the defendant's reasons for pleading guilty, including a desire to avoid a greater penalty that might result from a jury trial. *Blankenship*, 858 S.W.2d at 904.

Here, the trial court directly rejected the Defendant's claim that his plea was not voluntary. The court cited the correct legal standard and stated:

> [B]ased upon what I've heard, particularly the fact that this court asked you a number of times was the guilty plea voluntary, was it something that you wanted to do, that you understood that you were going to trial and that this in particular was, from what [your attorney] testified to, a case that had gone from twelve years in custody to ten years in custody and on the day or right around the time that you're supposed to have trial, it went to eight years. And so you knew that, went over with that with the court.
>
> And in addition to that, not only did you understand you're going to do eight years but that you did an *Alford* plea, basically saying that this is in my best interest. I'm not really admitting to the facts, my best interest. If there was any way that I could find that your claim was justified, believe me, I would allow you to withdraw the guilty plea and go to trial.

The trial court concluded by saying that the Defendant had not met his burden of showing manifest injustice based upon her findings that he entered the plea knowingly and voluntarily.

A review of the record supports the trial court's conclusion. The plea colloquy substantially complied with Rule 11 of the Tennessee Rules of Criminal Procedure. The

Defendant repeatedly informed the court that he wanted to enter the plea. His attorney testified during the motion hearing that the Defendant was not reluctant to accept the plea and was excited about the lower offer. Apparently, the Defendant had enough confidence in his attorneys to go to trial when the plea offer was ten years to serve. He, once again, rejected this offer the same morning he decided to accept the eight-year offer.

A defendant does not have a unilateral right to withdraw a guilty plea that was voluntarily entered. *State v. Davis*, 823 S.W.2d 217, 220 (Tenn. Crim. App. 1991). Tennessee courts have repeatedly held that a change of heart does not create manifest injustice to support the withdrawal of a guilty plea. *Ray v. State*, 451 S.W.2d 854, 856 (1970); *see also Davis*, 823 S.W.2d at 220; *Phelps*, 329 S.W.3d at 444 (citing *Crowe*, 168 S.W.3d at 743); *Turner*, 919 S.W.2d at 355; *see also State v. Vincent*, 1989 WL 3172, at *3 (Tenn. Crim. App. Jan. 20, 1989) *perm. app. denied* (Tenn. May 8, 1989).

It is irrelevant that the Defendant's change of heart may have come very soon after he entered his plea. The trial court found his plea to be voluntary, accepted his plea, and imposed sentence. To withdraw his plea at that point, he must show manifest injustice. He has failed to do so.

### III.   CONCLUSION

We conclude that the trial court did not abuse its discretion by denying the Defendant's motion to withdraw his guilty plea. The record contains substantial evidence to support the trial court's conclusion that the Defendant did not suffer manifest injustice. However, the judgment form for count 2 indicates that the Defendant entered a guilty plea. We remand the case to the trial court to correct the judgment form to indicate that the Defendant pled nolo contendere as announced. The judgment of the trial court is otherwise affirmed.

*S/ STEVEN W. SWORD*
STEVEN W. SWORD, JUDGE